**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

**FOR THE COUNTY OF MULTNOMAH**

| | |
|---|---|
| DANIELLE PRANGER and GARRETT HARRIS, individually and on behalf of all others similarly situated, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| | **(Breach of Contract; Breach of Implied Contract; Unjust Enrichment; Violation of the Takings Clause-42 U.S.C. § 1983; Inverse Condemnation; Due Process-42 U.S.C. § 1983)** |
| v. | |
| OREGON STATE UNIVERSITY, a public body of the State of Oregon; | **FEE AUTHORITY**: ORS 21.160(1)(e) (Amount claimed is $10,000,000 or more) |
| F. KING ALEXANDER, in his capacity as member of the Board of Trustees; MIKE BAILEY, in his capacity as member of the Board of Trustees; | **Filing Fee: $1,178** |
| PATRICIA M. BEDIENT, in her capacity as member of the Board of Trustees; RANI BORKAR, in her capacity as member of the Board of Trustees; JULIA BRIM-EDWARDS, in her capacity as member of the Board of Trustees; DARALD W. CALLAHAN, in his capacity as member of the Board of Trustees; MICHELE LONGO EDER, in her capacity as member of the Board of Trustees; LAMAR HURD, in his capacity as member of the Board of Trustees; PAUL J. KELLY, JR., in his capacity as member of the Board of Trustees; JULIE MANNING, in her capacity as member of the Board of Trustees; PRESTON PULLIAMS, in his capacity as member of the Board of Trustees; KIRK E. SCHUELER, in his capacity as member of the Board of Trustees; | **CLAIMS NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>**JURY TRIAL REQUESTED** |

Page 1 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

*Exhibit A*
*Page 1 of 149*

1
2
3

STEPHANIE SMITH, in her capacity as
member of the Board of Trustees; AND
MICHAEL G. THORNE, in his capacity as
member of the Board of Trustees.

4

Defendants.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Page 2 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1

**TABLE OF CONTENTS**

2

Page

3    I.    NATURE OF ACTION ...................................................................1

4    II.    PARTIES ......................................................................................3

5    III.    JURISDICTION AND VENUE ....................................................5

6    IV.    FACTS ..........................................................................................6

7        A.    Background ........................................................................6

8        B.    Defendants contracted to provide in-person education, housing, dining, and access to facilities and resources.....................9

9
10        C.    Defendants' transition exclusively to remote learning and closure of Oregon State University's campuses, facilities, and activities. .........................15

11        D.    Defendants' refusal to issue tuition and fee refunds after the March 2020 remote conversion and campus closures......................16

12
        V.    CLASS ACTION ALLEGATIONS ...........................................21

13
        VI.    CAUSES OF ACTION ...............................................................24

14
            FIRST CLAIM FOR RELIEF (Breach of Contract) .................24

15
            SECOND CLAIM FOR RELIEF  (Breach of Implied Contract)....................................26

16
            THIRD CLAIM FOR RELIEF  (Unjust Enrichment) ................28

17
            FOURTH CLAIM FOR RELIEF (Violation of the Takings Clause—
18            42 U.S.C. § 1983) .....................................................29

19            SIXTH CLAIM FOR RELIEF (Due Process—42 U.S.C. § 1983) ................................32

20    JURY DEMAND ..........................................................................................34

21    RESERVATION OF PUNITIVE DAMAGES ...........................................34

22    PRAYER FOR RELIEF ..............................................................................34

23

24

25

26

Page i – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Plaintiffs Danielle Pranger and Garrett Harris individually, and on behalf of all others similarly situated, allege the following for their Class Action Complaint ("Complaint") against Defendants, Oregon State University including all branch and campus locations ("OSU"), F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of the Board of Trustees of Oregon State University ("Board") (collectively "Defendants"), based upon personal knowledge as to their own actions and based upon the investigation of counsel regarding all other matters. Pursuant to ORCP 32 H, Plaintiffs have provided notice and demand for damages to Defendants.

## I.    NATURE OF ACTION

1.    This Complaint comes during a time of hardship for so many Americans, with each day bringing different news regarding the Novel Coronavirus Disease ("COVID-19"). Social distancing, shelter-in-place orders, and efforts to "'flatten the curve'" prompted colleges and universities across the country to shut down their campuses, evict students from campus residence halls, and switch to online "distance" learning.

2.    Despite sending students home, transitioning to online instruction, and closing its campuses, Oregon State University continued to charge for tuition, and/or fees as if nothing changed, continuing to reap the financial benefit of millions of dollars from students. OSU did so despite students' complete inability to continue school as normal, occupy campus buildings and dormitories, or avail themselves of school programs and events. So while students enrolled and paid Defendants for a comprehensive on-campus academic experience, Defendants instead provided Plaintiffs and other Class members a limited online experience presented by Google or Zoom, devoid of face-to-face faculty and peer interaction, separated from program resources, and barred from facilities vital to study. Plaintiffs and Class members did not bargain for such an experience.

Page 1 – CLASS ACTION COMPLAINT

3.      In response to COVID-19, on or about March 11, 2020, Defendants informed Plaintiffs and Class members that classes and finals for the Winter Quarter 2020 would not be held in person starting March 14, 2020.[1] And just days later, on March 30, 2020, Defendants informed Plaintiffs and Class members that the Spring Quarter 2020 would not be held in person either.[2] Defendant moved all, or substantially all, in-person Spring 2020 term classes to online instruction.

4.      Despite the provision of an entirely remote experience, Defendants refuse to refund or reimburse Plaintiffs and similarly situated OSU students and their families the tuition and fees they paid for the promised on-campus instruction, services they are not being provided, events they cannot attend, and programs and activities that have been curtailed, discontinued, or closed.

5.      "Should there be a reimbursement back to the students?" Roy L. Waymaster, R-Bunker Hill, 109th Kansas House District state representative and chairman of the Appropriations Committee, asked himself "Yeah, I think there should be."[3]

6.      Essentially, students and their families have paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs, and services that OSU is no longer providing, and activities that are no longer available.

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.
[2] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.
[3] Northwestern, Georgetown, Princeton, American University, and John Hopkins University have all provided refunds of 10% of students' tuition for the Fall 2020 semester after going fully virtual; and Williams College 15%. https://www.marketwatch.com/story/more-colleges-are-reversing-course-and-going-remote-after-covid-19-outbreaks-and-some-are-now-reducing-tuition-11599076746.

Page 2 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

7.      OSU is thus benefiting from COVID-19 while further burdening students and their families—many of whom have been laid-off, become ill, lost loved ones, or are otherwise bearing the brunt of the COVID-19 pandemic.

8.      Defendant's actions have financially damaged Plaintiffs and Class members. Plaintiffs bring this action because Plaintiffs and Class members did not receive the full value of the services paid, and they did not receive the benefits of in-person instruction. They have lost the benefit of their bargain and/or suffered out-of-pocket loss, and are entitled to recover compensatory damages and attorney's fees and costs. This lawsuit seeks injunctive relief and disgorgement and monetary damages in the amount of prorated, unused amounts of tuition and fees that Plaintiffs and the other Class members paid, the benefits of which will not be provided by Defendants.

## II.      PARTIES

9.      Plaintiff Danielle Pranger is a citizen and resident of the State of Oregon. Plaintiff is a full-time undergraduate student and paid tuition and fees for the Winter Quarter 2020, Spring Quarter 2020, and Fall Quarter 2020 academic terms at Defendant Oregon State University.

10.     Plaintiff Garrett Harris is a citizen and resident of the State of Oregon. Plaintiff is a full-time graduate student and paid tuition and fees for the Winter Quarter 2020, Spring Quarter 2020, and Fall Quarter 2020 academic terms at Defendant OSU.

11.     Plaintiffs are in good financial standing with OSU, having paid in whole or in combination tuition, fees, costs and/or charges assessed and demanded by Defendants in the Winter Quarter 2020 and the subsequent Quarters at issue in this lawsuit.

12.     Plaintiffs paid OSU for opportunities and services they did not receive, including on-campus education, facilities, services, and activities.

13.     While Plaintiffs could have pursued their degrees exclusively online, they instead specifically selected an on-campus experience for the variety of educational and extracurricular opportunities and benefits that only an in-person program can provide. Based on their reasonable

Page 3 – CLASS ACTION COMPLAINT

1   expectations arising from the University's publications and its usual and customary practice,

2   Plaintiffs applied to the University and accepted its offer of admission understanding that it

3   constituted an offer for in-person classes for the duration of the undergraduate or graduate period

4   for which they were offered enrollment.

5       14.    Plaintiffs thus contracted for and paid OSU for on-campus instruction,

6   opportunities, facilities, and services for the Winter Quarter 2020, Spring Quarter 2020, and

7   beyond.

8       15.    Plaintiffs enrolled at OSU to obtain the full experience of live, in-person courses

9   and direct interactions with instructors and students, facilitated by small class sizes. Plaintiffs

10  chose OSU due to the campus location, accessibility of professors, and camaraderie with

11  classmates both in the classroom and on campus.

12      16.    With OSU's effective campus closure, cancellation of campus events, suspension

13  of many campus services and programs, and transition to exclusively online instruction starting

14  in the Winter Quarter 2020 and continuing into the Spring Quarter 2020 and beyond (events

15  directed, implemented and/or approved in whole or in part by the President and Board of

16  Trustees Defendants), Plaintiffs lost access to the on-campus instruction, opportunities, facilities,

17  and services for which Plaintiffs had bargained for by selecting—and paying tuition and fees

18  for—in-person courses and experiences.

19      17.    While Plaintiffs enrolled with and paid OSU for an in-class experience that would

20  enable Plaintiffs to communicate directly with professors, attend office hours, and provide access

21  to resources unique to its in-person programs, such experiences are non-existent following

22  Defendant's effective campus closure. Such a transition has also made it difficult to connect with

23  professors and staff, a critical component to the bargained-for experience.

24      18.    As a result, while Plaintiffs and other students paid for in-person access to faculty

25  mentorship as an important component of OSU experience, Defendants excluded students from

26  such access starting in the Winter Quarter 2020.

Page 4 – CLASS ACTION COMPLAINT



HB HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

19.     Defendant Oregon State University is an institution of higher learning located in Corvallis, Oregon and Bend, Oregon, and numerous other satellite campuses. Defendant OSU provides Class members with campus facilities, in-person classes, as well as a variety of other facilities for which OSU charges Plaintiffs and the Class members. Defendant OSU's campus includes all physical spaces owned by OSU that commonly hold in-person classes and facilities.

20.     Defendants F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne were members of the Board of Trustees of Oregon State University and serve as "The Board of Trustees," which maintains its principal place of business at 638 Kerr Administration Building Corvallis, OR 97331.

21.     Under state law, the Board of Trustees has full control of the University and its property of various kinds and any authority delegated by the Board is subject to the ultimate authority of the Board. In retaining the ultimate authority over the University with which it is charged by law to exercise within constitutional and statutory limitations, the Board is obligated to exercise the right of periodic review of any and all aspects of government of the University.

22.     The Board is vested by law with the power and authority to govern the University and to exercise all powers and authority of the University as set forth in the laws of the State of Oregon. [4]

### III.    JURISDICTION AND VENUE

23.     This Court has jurisdiction over all claims against Defendants as the acts and issues forming the basis of Plaintiffs' allegations occurred in Multnomah County, Oregon.

---

[4] https://leadership.oregonstate.edu/trustees/bylaws#:~:text=Responsibilities%20of%20the%20Board&text=The%20Board's%20governance%20responsibilities%20include,to%20the%20University's%20strategic%20direction.

Page 5 – CLASS ACTION COMPLAINT



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

*Exhibit A*
*Page 8 of 149*

24.     Venue is proper in the Multnomah County Circuit Court because Defendants are located and/or conduct business in Multnomah County, Oregon.

25.     Plaintiffs have complied with the 30-day Notice of Claims requirement of Oregon Rule of Civil Procedure 32 H serving notices on all Defendants on November 30, 2020. *See* attached exhibits 1–15.

## IV.     FACTS

### A.     Background

26.     As Oregon's largest university, OSU has a current enrollment of approximately 33,300 undergraduate, graduate, and professional students, with over 200 academic degree programs.[5]

27.     A significant focus of Defendants' efforts to obtain and recruit students and justify its high costs pertains to the campus experience it offers along with face-to-face, personal interaction with skilled and renowned faculty and staff, a wide array of in-person services, opportunities, and extracurricular activities, state-of-the-art facilities, and much more.

28.     OSU is an international public research university that draws people from all 50 states and more than 100 countries. The university is spread out through "2 campuses, 11 colleges, 12 experiment stations, Extension programs in all 36 counties, 200+ academic programs."[6]

29.     OSU's website promotes the beauty of its campus, highlighting its "bustling OSU campus as stimulating and diverse and the Corvallis community is welcoming."[7]

30.     Indeed, the school boasts of its on-campus experience and location "at the heart of Corvallis, characterized by its red brick buildings, old-growth trees and lush greenery. The Memorial Union, where students gather to study and socialize where many of OSU's students

---

[5] https://oregonstate.edu/about.
[6] *Id.*
[7] *Id.*

Page 6 – CLASS ACTION COMPLAINT



gather to study and socialize and where many of OSU's student clubs are based is the centerpiece of the campus community."[8]

31.    OSU promotes student life as an integral part of the experience that students bargain for in attending Oregon State University, explaining in its First-Year Experience Live on Policy, that "the first-year live-on requirement is essential to supporting students' transition to the university and success in their academic progress."[9]

32.    Accordingly, OSU emphasizes that the campus experience is essential and through "both nation-wide studies and research conducted at OSU, first-year students who live on campus earn better grades than students who live off campus and also tend to graduate more quickly."[10]

33.    As part of its on campus experience, OSU has staff members in every hall "dedicated to student success, including a full-time professional resident director and live-in student staff." Additionally, "each residence hall has an academic learning assistant, a peer mentor who can help new students cultivate strong academic habits."[11]

34.    And as part of the First-Year Experience, first-year students with very few exceptions, are required to live on campus "[as] living on-campus is an excellent way for students to connect with key campus resources and build community."[12]

35.    Likewise, living in a Living Learning Community is "a great way to create strong connections with other students and build relationships with faculty and advisers."[13]

36.    And students living in Special Interest Communities have the opportunity to live in communities such as the "Global Village, Pride, Recovery Living Community, Single Gender

---

[8] https://admissions.oregonstate.edu/international/why-choose-osu.
[9] *Id.*
[10] https://uhds.oregonstate.edu/first-year-housing.
[11] *Id.*
[12] *Id.*
[13]  https://uhds.oregonstate.edu/housing/living-learning-communities.
Page 7 – CLASS ACTION COMPLAINT

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    Wings, Women in Engineering, ROTC, Second Year and Above Experience, and Transfer,"[14]

2    communities.

3         37.    While Defendants offer more than 60 fully online programs, called Ecampus,

4    these online-only offerings are separately marketed and must be affirmatively selected, distinct

5    from the in-person, on-campus educational experience chosen by Plaintiffs and Class members.[15]

6         38.    OSU's course registration process also reflects the specific distinction Defendants

7    draw between its in-person and online class offerings.

8         39.    OSU's website contains an online Schedule of Classes that lists all of the

9    available classes for each Quarter.[16] Each class is listed by description, meeting time, and

10   physical classroom location. The Schedule of Classes allows students to choose courses on the

11   Corvallis, Cascades, or any physical campus, or the Ecampus online-only courses.

12        40.    Plaintiffs registered for courses using the Schedule of Classes and online

13   registration portal. Each student, including Plaintiffs, selected and registered for their courses for

14   the Winter 2020 and Spring 2020 semester using the Schedule of Classes, where each in-person

15   course was explicitly described with a description, meeting time, and physical classroom location

16   on a specific campus.

17        41.    Plaintiffs did not seek online courses when registering for classes for the Winter

18   2020 or Spring 2020 quarters.

19        42.    Plaintiffs and each Class member registered for courses for which OSU provided

20   a meeting time and physical classroom and campus location in the registration system for the

21   Winter 2020 and Spring 2020 Quarters. Plaintiffs selected on-campus courses and paid for the

22   in-class educational experiences that only an in-person program can deliver, such as the ability to

23   access important university facilities, services, and faculty in-person.

24

25   _____

26   [14]  https://uhds.oregonstate.edu/residence-halls/information/special-interest-communities.
     [15] https://catalog.oregonstate.edu/archives/2019-2020/ecampus/.
     [16] https://classes.oregonstate.edu/.

Page 8 – CLASS ACTION COMPLAINT



HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

*Exhibit A*
*Page 11 of 149*

43.     Additionally, students select and register for their courses in advance of the start of each Quarter. For example, Winter Quarter 2020 Phase 1 registration for enrolled students took place between November 17 and December 4, 2019, and Winter Quarter 2020 Phase 1 registration for enrolled students took place between February 23 and March 11, 2020.[17]

**B.     Defendants contracted to provide in-person education, housing, dining, and access to facilities and resources.**

44.     For all Quarters enrolled, Plaintiffs and Class members contracted with OSU—and paid a premium—specifically for *on-campus* courses and programs.

45.     University publications obligated Defendants to provide Plaintiffs and Class members the same in-person education, on-campus housing, sports, resources, and facilities that Defendants highlighted in its promotional marketing materials throughout the entirety of their enrollment.

46.     Students admitted to, and enrolled with, an institution of higher learning such as OSU generally stay and graduate at that same institution.

47.     Though students register for different classes each Quarter, the contractual obligations of an institution of higher learning span throughout the entirety of each student's enrollment. OSU's 2019–2020 Academic Catalog as well as Defendants' policies, handbooks, circulars, publications, advertisements, and other promotional materials, lay out the terms of the contract between OSU and Plaintiffs and Class members.

48.     Throughout the Catalog, OSU distinguishes between on-campus courses and their online counterparts.[18]

49.     For example, some programs specifically require certain amounts of coursework to be completed on-campus: "[a]ll required course work for the on-campus major must be taken

---

[17]https://ir.library.oregonstate.edu/concern/administrative_report_or_publications/fb494g613?locale=en.

[18] https://oregondigital.org/downloads/oregondigital:fx71d2956.

Page 9 – CLASS ACTION COMPLAINT



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

on campus and no more than 6 credits of online elective course work can be used toward the on-campus major"[19]

50.    Other programs have specific requirements for on-campus courses versus Ecampus courses or offer sample 4-year plans for both on-campus courses and Ecampus online courses.[20]

51.    The Catalog also lays out courses provided on-campus routinely offer students advantages and opportunities that are only available through on-campus, in-person instruction. For example, the Catalog's descriptions for on-campus courses refer to: "courses taught in multiple venues on campus including … labs,"[21] "research conducted in laboratories on campus,"[22] "hands-on experience"[23] and "hands-on learning experiences including field trips."[24]

52.    The Catalog also highlights OSU's diverse student body and "seven cultural resource centers help give students a place, and a community, to connect with once they arrive on campus."[25]

53.    OSU promotes its location in Corvallis as the "#2 Friendliest College Town in America and a Top 5 Most Beautiful College Town"[26] as well as student access to the "beautiful campus."[27]

54.    OSU emphasizes student access to the OSU-Cascades campus, describing it as, "where small classes, a top tier research university, and one of the most dynamic cities in the

---

[19] *Id.* at 748–751.

[20] *Id.* at 70–71.

[21] *Id.* at 588.

[22] *Id.* at 1015, 1021, 1032, 1431.

[23] *Id.* at 56, 57, 116, 129, 137, 169.

[24] *Id.* at 95.

[25] https://catalog.oregonstate.edu/archives/2019-2020/college-departments/graduate-school/.

[26] https://admissions.oregonstate.edu/corvallis.

[27] https://admissions.oregonstate.edu/.

Page 10 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    Pacific Northwest give students the edge they need."[28]

2        55.    OSU continues to advertise opportunities and experiences that are not available

3    through remote learning and instead require in-person instruction. On its website, OSU promotes

4    the Cascades campus with, "guaranteed experiential learning opportunities including internships,

5    study abroad, service learning, research, capstone projects and student leadership."[29]

6        56.    OSU advertises its resources and courses provided on-campus routinely offer

7    students advantages and opportunities that are only available through on-campus, in-person

8    instruction. For example, the university libraries offer "study spaces [that] can be found on all six

9    floors, and group study rooms and research rooms. … The Learning Commons includes large

10   tables with comfy chairs, whiteboards, and collaborative workstations equipped with monitors.

11   Patrons can use 100+ computers and search research databases and journals … scanners,

12   printers, and copiers are available."[30]

13       57.    Additionally, a "new Undergrad Research and Writing Studio is located on the

14   second floor and offers assistance to students who are doing research and writing papers."[31]

15       58.    In enrolling as students with OSU and in registering and paying OSU's tuition

16   and fees, Plaintiffs and Class members bargained for and understood that instruction would be

17   provided in-person by leading academics, and on campus, including in specific buildings with

18   state-of-the-art resources.

19       59.    OSU's usual and customary practice when students enroll at the University as

20   students and register for on-campus courses and pay tuition for such courses is to provide on-

21   campus instruction. Plaintiffs' and Class members' reasonable expectation when enrolled at OSU

22   and when registering for classes in the Winter Quarter 2020 and beyond was that those classes

23   would be provided on-campus, consistent with OSU's usual and customary practice.

24

25   [28] https://osucascades.edu/about.
     [29] *Id.*

26   [30] https://library.oregonstate.edu/about/valley.
     [31] *Id.*

Page 11 – CLASS ACTION COMPLAINT

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

60.     Plaintiffs and Class members had the reasonable expectation that Defendants would provide the in-person educational experience and use of its facilities provided in Defendant OSU's publications, including but not limited to the Catalog, manuals, regulations, brochures, advertisements, and other promotional materials throughout the entirety of their enrollment.

61.     The combination of the express terms of the Defendant OSU's Catalog, website, publications, advertising material, and its usual and customary practice constituted an offer of in-person and on-campus classes to any student choosing enrollment at OSU. When accepted by Plaintiffs and Class members, who did, in fact, register for such on-campus classes in accordance with OSU's policies and procedures and usual custom and practice, and who timely paid tuition for those on-campus classes, OSU became contractually obligated to provide on-campus classes to Plaintiffs and the other Class members.

62.     In light of the terms laid out in OSU's Catalog, website, publications, and its usual and customary practice, Plaintiffs and Class members registered for on-campus courses in the Winter Quarter 2020 and in subsequent quarters. OSU accepted their registration as an on-campus student taking on-campus courses and charged Plaintiffs and Class members specific amounts for tuition and fees.

63.     Tuition and fees are set Quarters in advance, which students can preview before enrollment.

64.     Tuition and fees were set by OSU with full intentions of providing in-person on-campus instruction and experiences during the entirety of the undergraduate or graduate period for which students were offered admission.

65.     Plaintiffs contracted with Defendants and agreed to pay the high cost of OSU's on-campus tuition because the program offered access to opportunities that were based on in-person classes and study.

Page 12 – CLASS ACTION COMPLAINT

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

66.     Plaintiffs and Class members paid OSU tuition and fees for on-campus courses— and the benefits, services, opportunities, and facilities that came with that—in Winter Quarter 2020 and the subsequent Quarters at issue in this lawsuit. When enrolling, Plaintiffs and Class members understood, per the Catalog, OSU's promotional materials, and its usual and customary practice, that the classes they bargained and paid for would be administered on campus for the duration of each Quarter, and that they would get a full Quarter's worth of access to on-campus facilities, services, and resources.

67.     For the 2019–2020 academic year, full-time resident undergraduate students at OSU's Corvallis campus paid a minimum of $2,644 in tuition per Quarter and full-time non-resident undergraduate students paid a minimum of $7,919 in tuition per Quarter.[32] Per credit, at the Corvallis campus full-time resident undergraduate students paid between $312–$812 per credit, and full-time non-resident undergraduate students paid between $967–$1,467 per credit depending on the program, while full time resident graduate students paid between $479–$681 per credit and non-resident graduate students paid between $925–$1,145 per credit.[33]

68.     For the 2019–2020 academic year, full-time resident undergraduate students at OSU-Cascades campus paid a minimum of $2,560 in tuition per Quarter and full-time non-resident undergraduate students paid a minimum of $7,919 in tuition per Quarter.[34] Per credit, at OSU-Cascades campus full-time resident undergraduate students at OSU-Cascades campus paid between $305–$805 per credit, and full-time non-resident undergraduate students paid between $967–$1,467 per credit depending on the program, while full time resident graduate students

---

[32] https://fa.oregonstate.edu/sites/fa.oregonstate.edu/files/budget/tuition_fees/undergrad-corvallis-acad.pdf.

[33]https://fa.oregonstate.edu/sites/fa.oregonstate.edu/files/budget/tuition_fees/undergrad-corvallis-acad.pdf; https://fa.oregonstate.edu/sites/fa.oregonstate.edu/files/budget/tuition_fees/graduate-corvallis_acad.pdf.

[34] https://fa.oregonstate.edu/sites/fa.oregonstate.edu/files/budget/tuition_fees/cascades-undergrad-acad2.pdf.

Page 13 – CLASS ACTION COMPLAINT

paid between $464–$479 per credit and non-resident graduate students paid between $847–$925 per credit.[35]

69.    In contrast, in the 2019–2020 academic year, Ecampus undergraduate courses ranged from $224–$360 per credit, while Ecampus graduate courses ranged from $560–$848 per credit depending on the program.[36]

70.    For the 2019–2020 academic year, at the Corvallis campus full-time undergraduate and graduate students paid the following mandatory fees: $179.42 health service fee, a $398.44 incidental fee, and a $45.00 building fee for a total of $622.86.[37]

71.    For the 2019–2020 academic year, at the OSU-Cascades campus full-time undergraduate and graduate students paid the following mandatory fees: $59.00 health service fee, a $267.00 incidental fee, and a $45.00 building fee for a total of $371.00.[38]

72.    Ecampus students paid no mandatory fees except for a one-time matriculation fee paid by all new students.[39]

73.    OSU's charges for on-campus study are significantly higher than online-only programs, including many of the programs Defendants offer via Ecampus.

74.    However, as set forth further below, since March 14, 2020, Plaintiffs and Class members have been denied the benefit of their bargain. Plaintiffs and other Class members have lost the benefits of the in-person education, services, food, and other experiences that Defendants

---

[35] https://fa.oregonstate.edu/sites/fa.oregonstate.edu/files/budget/tuition_fees/cascades-undergrad-acad2.pdf;
https://fa.oregonstate.edu/sites/fa.oregonstate.edu/files/budget/tuition_fees/cascades-grad-acad2.pdf.

[36] https://fa.oregonstate.edu/sites/fa.oregonstate.edu/files/budget/tuition_fees/approved_2020_tuition_tables_03052020.pdf.

[37] https://fa.oregonstate.edu/sites/fa.oregonstate.edu/files/budget/tuition_fees/fees_both2.pdf.
[38] https://fa.oregonstate.edu/sites/fa.oregonstate.edu/files/budget/tuition_fees/fees_both2.pdf.

[39] https://fa.oregonstate.edu/budget/tuition-fees.

Page 14 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    promised. Despite failing to fulfill its obligations, Defendants are currently unlawfully retaining

2    and refusing to fully or partially refund Plaintiffs' and Class members' tuition and fees.

**C.    Defendants' transition exclusively to remote learning and closure of Oregon State**
3
**University's campuses, facilities, and activities.**
4

5        75.    On December 31, 2019, governmental entities in Wuhan, China, confirmed that

6    health authorities were treating dozens of cases of a mysterious, pneumonia-like illness. Days

7    later, researchers in China identified a new virus that had infected dozens of people in Asia,

8    subsequently identified and referred to as the novel coronavirus, or COVID-19.

9        76.    By January 21, 2020, officials in the United States were confirming the first

10    known domestic infections of COVID-19.

11        77.    Due to an outbreak of thousands of new cases in China, on January 30, 2020, the

12    World Health Organization officially declared COVID-19 as a "public health emergency of

13    international concern."

14        78.    And by March 11, 2020, the World Health Organization declared COVID-19 a

15    pandemic.

16        79.    On or about March 11, 2020, OSU Provost and Executive Vice President Edward

17    Feser announced effective March 14, 2020 the Winter 2020 Quarter final exams would be

18    remote where possible.

19        80.    On March 18, 2020, Defendants announced "OSU will move to remote

20    instruction for all of spring term." OSU moved all, or substantively all, in-person Spring 2020

21    Quarter classes to online instruction. [40]

22        81.    The majority of courses remained online for the Fall 2020 Quarter as well, with

23    "nearly 95% of instructional activities on the Corvallis campus conducted remotely and at OSU-

24    Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with

25

26

---

[40] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.
Page 15 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

both on-site/in-person and remote instruction."[41] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 Quarter.

82.    Though the reasons for such closures are justified, the fact remains that such closures and cancellations present significant loss to Plaintiffs and Class members.

**D.    Defendants' refusal to issue tuition and fee refunds after the March 2020 remote conversion and campus closures.**

83.    Given OSU's transition to online classes and COVID-19 concerns, Defendants encouraged students to leave campus and remain at home.

84.    Plaintiffs and Class members paid for services they cannot use because those services were curtailed or eliminated, or because the student followed OSU's encouragement to leave campus and return home.

85.    The online-only education provided by OSU has not compared and cannot compare to the live classes and access to facilities bargained for and paid for by Plaintiffs and other Class members that Defendants promised to deliver.

86.    Plaintiffs and Class members were provided with an online substitute for the hands-on, in-person coursework for which they contracted—and for which Plaintiffs and Class members paid.

87.    The remote, online learning classes offered to students starting in the Winter Quarter 2020 deprived students of in-person learning from their peers and school faculty. The move to these remote classes also deprived students of access to the facilities, materials, and opportunities only offered on OSU's physical campus, including laboratory and research experience, use of on-campus facilities, such as the gym and libraries, and use of on-campus services and events such as sporting events, end-of-year programs, lectures, and various student services.

---

[41] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

Page 16 – CLASS ACTION COMPLAINT



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

88.    The online classes Plaintiffs and their peers have been provided are not the same as the in-person, campus experience that Plaintiffs and other OSU students chose for their university education. The tuition and fees that Defendants charged were predicated on access to—and constant interaction with—and feedback from peers, mentors, professors, and guest lecturers; access to technology, libraries, and laboratories; opportunities to attend or participate in spectator sports and athletic programs; access to student government and health services; and participation in extracurricular groups and learning, among other things.

89.    OSU students have offered apt descriptions of the loss they have experienced as a result of the pandemic, highlighting the disparity between students' bargained-for in-person educational experience and the online experience that OSU provided.

90.    As reflected in a Change.org petition signed by over 16,000, students at OSU experienced the following losses, in the least:[42]

> … As on-campus students, we are paying with the expectation of in person guidance and teaching. With a switch to online classes, we are losing precious instructional hours, access to critical resources, and are being given an education that is not comparable to the cost of our tuition.
>
> Furthermore, the relocation of classes to online is an inherent equity issue that should be addressed through a lower cost of attendance. This change in education forces students to quickly find the means of access to laptops and WiFi if they choose to remain in their respective hometowns or on campus. It is completely unfair that economic status is going to dictate if students are able to return home or stay on campus. Oregon State University is a sanctuary for many students. That being said, many students do not have an exit strategy during this pandemic and this must be compensated for with reduced tuition.
>
> We, the student body, are therefore requesting that you reduce the cost of tuition to accommodate for the changed conditions of education and for the inequities that arise from this situation. As a public university, the best interests of your students need to be the

---

[42] https://www.change.org/p/oregon-state-university-reduce-tuition-cost-in-response-to-covid-19?redirect=false.

Page 17 – CLASS ACTION COMPLAINT



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Exhibit A
Page 20 of 149

1
2

top priority. With this being said, the cost of tuition must be lowered comparable to the nonconsensual change of education conditions.

3

91.    And as reflected in another Change.org petition:[43]

4
5

With recent changes in the United States regarding Covid-19, schools are being forced to go, if not partially, fully remote learning starting Fall 2020.

6
7
8
9
10
11
12
13

Even with the recent changes, schools including Oregon State University will be charging the same tuition rate, as it would have been if learning were in person. The price of tuition should be changed to meet the price of taking ONLINE classes, it should meet what students are actually informed to do now with 90% remote learning. We students understand that it's an ongoing pandemic, and changes must be put into action, and no one can control that. However, informing us this close to the start of Fall 2020 Term, knowing freshmen looked forward to getting an in person experience, judging on the message OSU Staff sent out in early May, informing students that classes would at least be "hybrid" (half online/ half in-person), is a total downfall, and pressuring conflict.

14
15
16
17
18

We all came for a proper education and think students will be set up for failure with ONLY remote learning. The recent change is just telling people to leave for still having to paying [sic] full tuition. Starting our college experience being isolated in our dorms, our at home is bad enough, but going FULL remote learning with the SAME tuition costs is terrifying and selfish to the students and parents. Especially the international percent of students coming to OSU.

19
20
21
22

In addition, transitioning from high school to college is difficult enough, so not getting the proper assistance provided to us would be a total waste of time and money. Even the BRIGHTEST, and top tier students struggle with online learning, so is it really worth it?

23
24
25

The global pandemic that we are facing as a community has created a serious mental health increase within people of all ages, especially teenagers. The size of a normal college experience for incoming freshman is drastically declining the optimism that these

26

---

[43] https://www.change.org/p/biff-traber-oregon-state-is-charging-fall-term-students-the-full-tuition-cost-for-remote-learning (emphasis in the original).

Page 18 – CLASS ACTION COMPLAINT



HAGENS BERMAN
1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

students have as they enter an underdeveloped, insufficient online learning program. To try to create a partial, normal college experience while maintaining social distancing guidelines is ideal rather than jumping to conclusions and giving up.

Let's not forget there will be a good variety of students who rescind or defer their admissions due to financial reasons and the lack of a normal college experience.

Colleges **MUST** do better.

Oregon **MUST** do better.

92.    OSU student newspaper, The Daily Barometer, highlights other examples noting how students are not receiving the benefit of their bargain:

- "It's hard being one of those students whose classes are not originally designed to be online. One of the hardest things is trying to have an effective discussion remotely because many of the classes I take require group discussions."[44]

- "I definitely feel like it's both harder to learn things, and I feel like I'm learning less in my classes, just not being able to be there."[45]

- "It is strange not being around people," Hosea said. "I really miss the camaraderie that is attached to the college experience."[46]

93.    For the 2020–2021 Fall Quarter, OSU offered over 90% of its courses remotely. However, OSU continued to charge full tuition and refused to offer prorated refunds for the 2019–2020 Winter Quarter. [47]

---

[44] https://web.archive.org/web/20200505124406/http://www.orangemedianetwork.com/daily_bar ometer/students-face-mental-social-complications-of-isolation-during-osu-campus-closures/article_b7b1907a-89e3-11ea-a8a6-db0f034f542f.html.

[45] https://web.archive.org/web/20201118164445/http://www.orangemedianetwork.com/daily_bar ometer/remote-learning-impacts-teacher-student-connections/article_a34e72d8-2772-11eb-bb9a-ab738396f0bc.html.

[46] https://web.archive.org/web/20200505124406/http://www.orangemedianetwork.com/daily_bar ometer/students-face-mental-social-complications-of-isolation-during-osu-campus-closures/article_b7b1907a-89e3-11ea-a8a6-db0f034f542f.html.

[47] https://www.corvallisadvocate.com/2020/osu-students-grapple-with-cost-of-tuition-for-remote-learning/.

Page 19 – CLASS ACTION COMPLAINT



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

94.     According to the Corvallis Advocate, an independent daily student newspaper, the justification for charging full tuition for remote learning, as stated on OSU website, is that the "provisions for remote delivery of teaching and education services for students during the COVID-19 outbreak are not the same as the educational services offered through Ecampus."[48]

95.     OSU students continue to struggle with the remote college experience. One student noted, "as a student, I'm paying thousands of dollars at this university because I want to get that four-year quality educational experience. It's not just learning the curriculum, but also the in-depth discussions and friendships and connections made along the way. That's what makes it worth the price, in my opinion. Now, obviously we couldn't predict that a global pandemic would force us all indoors for seven-plus months, but I think I can comfortably speak for most of the student population when I say that this has affected us in a lot of negative ways."[49]

96.     Despite the fact that OSU students also would not get what they bargained for in contracting for on-campus courses, opportunities, facilities, and resources, Defendants have inexplicably refused to prorate or refund Plaintiffs and Class members any of the tuition or mandatory fees they had paid for the Winter Quarter 2020 and beyond.

97.     Not only has OSU refused to prorate or refund Plaintiffs and Class members any of the tuition or fees for Winter Quarter or Spring Quarter 2020, OSU increased tuition and fees for new students for the 2020–2021 academic year.[50]

98.     Specifically, for the 2020–2021 academic year the Board of Trustees approved a tuition increase of 2.5% for resident graduate students and 4.5% for non-resident graduate students, a tuition increase of 3.2% for new undergraduate students at the Corvallis campus and

---

[48] *Id.*
[49] *Id.*
[50] https://financialaid.oregonstate.edu/cost-attendance.

Page 20 – CLASS ACTION COMPLAINT



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1   new non-resident students at OSU-Cascades campus, and an increase of 4.72% for new resident

2   students at the OSU-Cascades campus, among other increases.[51]

3        99.    All the while, OSU has also received millions of dollars from the federal

4   government under the Coronavirus Aid, Relief and Economic Security Act, ultimately receiving

5   over $9 million in total allocations.[52]

6                    **V.    CLASS ACTION ALLEGATIONS**

7        100.   Plaintiffs bring this action under ORCP 32(a), (b)(2), and (b)(3), on behalf of

8   themselves and a Class initially defined as follows:

9          All people paying Oregon State University in whole or in part,
10         personally and/or on behalf of others, for tuition, and/or fees for in-
           person instruction and use of campus facilities, but who were
11         denied use of and/or access to in-person instruction and/or campus
           facilities by Defendants for the Winter Quarter 2020 or any
12         subsequent term.

13  Excluded from the Class are Defendants, any entity in which Defendants have a controlling

14  interest, and Defendants' legal representatives, predecessors, successors, assigns, and non-

15  student employees. Further excluded from the Class is this Court and its employees. Plaintiffs

16  reserve the right to modify or amend the Class definition including through the creation of sub-

17  classes if necessary, as appropriate, during this litigation.

18       101.   The definition of the Class is unambiguous. Plaintiffs are members of the Class

19  Plaintiffs seek to represent. Class members can be notified of the class action through contact

20  information and/or address lists maintained in the usual course of business by Defendants.

21       102.   Per ORCP 32(a)(1), Class members are so numerous and geographically

22  dispersed that their individual joinder of all Class members is impracticable. The precise number

23  of Class members is unknown to Plaintiffs, but may be ascertained from Defendants' records.

24

25  _____

26  [51] https://today.oregonstate.edu/news/oregon-state-freezes-tuition-returning-undergraduate-students.
    [52] .

Page 21 – CLASS ACTION COMPLAINT



**HB** HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

However, given the thousands of students enrolled at Defendant OSU in a given year, that number greatly exceeds the number to make joinder possible. Class members may be notified of the pendency of this action by recognized, court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

103.    Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and Class members, making appropriate final injunctive relief and declaratory relief regarding the Class under ORCP 32(b)(2).

104.    Consistent with ORCP 32 B(1)(a), Defendants engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Class members. Similar or identical legal violations are involved. Individual questions pale in comparison to the numerous common questions that predominate. The injuries sustained by Class members flow, in each instance, from a common nucleus of operative facts—Defendants' effective campus closure, its complete transition to online classes, and Defendants' refusal to fully refund tuition and/or fees.

105.    Additionally, common questions of law and fact predominate over the questions affecting only individual Class members under ORCP 32 (a)(2) and 32 (b)(3). Some of the legal and factual questions common to Plaintiffs and Class members include:

        a.   Whether Defendants engaged in the conduct alleged;

        b.   Whether Defendants have a policy and/or procedure of denying refunds, in whole or in part, to Plaintiffs and Class members;

        c.   Whether Defendants breached identical contracts with Plaintiff and Class members;

        d.   Whether Defendants violated the common law of unjust enrichment;

        e.   Whether Defendants violated Plaintiffs' and the Class members' rights under the U.S. and Oregon Constitutions;

        f.   The nature and extent of damages and other remedies to which the conduct of Defendants entitles Class members.

Page 22 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

106.    Class members have been damaged by Defendants through its practice of denying refunds to Class members.

107.    Plaintiffs' claims are typical of the claims of the other Class members under ORCP 32(a)(3). Plaintiffs are students that were enrolled at Defendant OSU in the Winter Quarter 2020 and in subsequent Quarters. Like other Class members, Plaintiffs were instructed to stay off Defendants' campus, forced to take online classes, and have been completely or partially denied a refund for tuition and/or fees.

108.    Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Class as required by ORCP 32 (a)(4). Plaintiffs are familiar with the basic facts that form the bases of the Class members' claims. Plaintiffs' interests do not conflict with the interests of the other Class members they seek to represent. Plaintiffs have retained counsel competent and experienced in class action litigation and intends to prosecute this action vigorously. Plaintiffs' counsel has successfully prosecuted complex class actions, including consumer protection class actions. Plaintiffs and Plaintiffs' counsel will fairly and adequately protect the interests of the Class members.

109.    The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the Class members under ORCP 32 (b)(1). The relief sought per individual members of the Class is small given the burden and expense of individual prosecution of the potentially extensive litigation necessitated by the conduct of Defendants. It would be virtually impossible for Class members to seek redress individually. Even if the Class members themselves could afford such individual litigation, the court system could not.

110.    In addition, under ORCP 32(b)(1), individual litigation of the legal and factual issues raised by the conduct of Defendants would increase delay and expense to all parties and to the court system. The class action device presents far fewer management difficulties and

Page 23 – CLASS ACTION COMPLAINT

1    provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive

2    supervision by a single court.

3        111.    Under ORCP 32 (b)(6), it is desirable to concentrate the litigation of the claims of

4    Plaintiffs and Class members in this forum given that Defendants are located within Benton

5    County and discovery of relevant evidence will occur within Benton County.

6        112.    Given the similar nature of the Class members' claims and the absence of material

7    differences in the state statutes and common laws upon which the Class members' claims are

8    based, a nationwide Class will be easily managed by the Court and the parties per ORCP

9    32(b)(8).

10                            **VI.    CAUSES OF ACTION**

11                            **FIRST CLAIM FOR RELIEF**

12                                **(Breach of Contract)**

13                            **(Against Defendant OSU)**

14        113.    Plaintiffs reallege and incorporate by reference all previous allegations, as though

15    set forth in full herein.

16        114.    Plaintiffs bring this claim individually and on behalf of the other members of the

17    Class against Defendant OSU.

18        115.    Plaintiffs and Class members entered into identical, binding contracts with OSU

19    by accepting its offer of enrollment in accordance with the terms of the Catalogs, OSU's

20    publications, and OSU's usual and customary practice of providing on-campus courses.

21        116.    The language on OSU's website, Catalog, and in other materials made available

22    to students promising in-person instruction, campus facilities, services, and resources became

23    terms of the contract. That is, at the time of contract, the parties had the reasonable expectation

24    that, in exchange for tuition and fee payments, OSU would provide Plaintiffs and Class members

25    with an on-campus education. The nature of the instruction provided by OSU at the time

26    Plaintiffs and Class members enrolled (i.e., in-person classroom instruction) as well as the

Page 24 – CLASS ACTION COMPLAINT



**HAGENS BERMAN**

1301 Second Avenue, Suite 2000 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1   facilities and resources offered by OSU across its schools and campuses were and are material

2   terms of the bargain and contractual relationship between students and OSU.

3       117.    Under their contracts with OSU, and per OSU's usual and customary practice of

4   providing on-campus courses, Plaintiffs and Class members registered for on-campus courses

5   and paid OSU tuition and/or fees for Defendant to provide in-person instruction and access to

6   OSU's facilities.

7       118.    Plaintiffs and Class members have fulfilled all requirements of their mutually

8   agreed contracts, having followed the Catalogs' policies, procedures, and requirements for

9   registering and paying for on-campus courses and access to on-campus facilities and services.

10  Plaintiffs and Class members have paid OSU for all financial assessments in the Winter Quarter

11  2020 and beyond.

12      119.    By ceasing in-person instruction, relegating Plaintiffs and Class members

13  exclusively to remote instruction, and shutting down campus facilities and opportunities to

14  Plaintiffs and the Class, OSU failed to provide the services for which Plaintiffs and Class

15  members bargained when they entered into their contractual relationship with OSU.

16      120.    OSU's failure to provide in-person instruction and shut-down of campus facilities

17  amounts to a material breach of the contract.

18      121.    The tuition, fees, and other costs that Plaintiffs and the proposed Class paid were

19  intended to cover in-person educational and extracurricular services. OSU, however, has failed

20  and continues to fail to provide the education and services due under the contracts, yet has

21  improperly retained the funds Plaintiffs and the other Class members paid or agreed to pay.

22      122.    Plaintiffs and members of the Class have suffered damages as a direct and

23  proximate result of OSU's breach, including being deprived of the education, experience, and

24  services that they were promised and reasonably expected to obtain, and for which they have

25  paid.

26  / / /

Page 25 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

123.    Plaintiffs and Class members are entitled to an award of money damages or partial restitution in an amount to be determined at trial as redress for OSU's breach, including but not limited to prorated reimbursement of the tuition, fees, and other expenses for services that OSU failed and continues to fail to deliver fully. Plaintiffs and Class members are further entitled to pre- and post- judgment interest at the highest statutory or contractual rate from the date of accrual until paid.

124.    Plaintiffs and Class members are further entitled to attorney's fees, costs, and disbursements.

125.    OSU's performance under the contracts is not excused because of COVID-19. Even if performance was excused or impossible, OSU would nevertheless be required to return the funds received for services and/or goods that it did not provide.

**SECOND CLAIM FOR RELIEF**

**(Breach of Implied Contract)**

**(Against Defendant OSU)**

126.    Plaintiffs restate and reallege, and incorporate herein by reference, the preceding paragraphs as if fully set forth herein.

127.    Plaintiffs plead this Count in the alternative to Count I against Defendant OSU.

128.    Plaintiffs and Class members entered into an implied contract with OSU by accepting OSU's offer of enrollment for on-campus classes and use of OSU's facilities in accordance with its usual and customary practice of providing on-campus courses.

129.    Under the implied contract, Plaintiffs and Class members registered for on-campus courses.

130.    It was the reasonable expectation of Plaintiffs and Class members that OSU would provide them with on-campus—as opposed to online—classes and instruction and use of OSU's facilities as mutually agreed and intended in accordance with Defendant's publications,

Page 26 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1   including brochures, advertisements, and other promotional materials, and OSU's usual and

2   customary practice of providing on-campus courses.

3          131.    Plaintiffs and Class members accepted and intended to use and enjoy OSU's on-

4   campus classes and facilities.

5          132.    Plaintiffs and Class members have fulfilled all expectations of their mutual

6   agreement, by registering and paying for on-campus courses and access to on-campus facilities

7   and services in Winter Quarter 2020 and the subsequent Quarters. Plaintiffs and Class members

8   have paid OSU for all financial assessments in Winter Quarter 2020 and beyond.

9          133.    However, OSU breached the implied contract, failed to provide those on-campus

10  classes and/or services, and has not otherwise performed as obligated and required by the

11  implied-in-fact contract between Plaintiffs and Class members and OSU. OSU moved all classes

12  to online classes, restricted or eliminated Class members' ability to access university facilities. In

13  doing so, OSU has deprived and continues to deprive Plaintiffs and Class members of the benefit

14  of their bargains with OSU.

15         134.    Plaintiffs and Class members have been damaged as a direct and proximate result

16  of OSU's breach. The online classes provided by OSU are objectively different from and less

17  valuable than the on-campus classes for which the parties entered into an implied contract.

18         135.    Plaintiffs and Class members are entitled to damages, including but not limited to

19  tuition refunds and/or fee refunds, as well as pre- and post-judgment interest at the highest

20  statutory or contractual rate from the date of accrual until paid.

21         136.    Plaintiffs and Class members are further entitled to attorney's fees, costs, and

22  disbursements.

23  / / /

24  / / /

25  / / /

26  / / /

Page 27 – CLASS ACTION COMPLAINT

HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

### THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

### (In The Alternative Against Defendant OSU and Against Individual Defendants)

137.    Plaintiffs restate and reallege, and incorporate herein by reference, the preceding paragraphs as if fully set forth herein.

138.    Plaintiffs bring this claim individually and on behalf of the other members of the Class against Defendants, and in the alternative against Defendant OSU.

139.    Plaintiffs and Class members directly conferred non-gratuitous benefits upon Defendants, in the form of tuition and fees that they paid or agreed to pay. The payments of the tuition and fees were to be in exchange for an in-person, on-campus educational experience, including services and facilities.

140.    Defendants knowingly accepted the benefits conferred upon them by Plaintiffs and Class members.

141.    Defendants appreciated or knew of the non-gratuitous benefits conferred upon them by Plaintiffs and members of the Class.

142.    Defendants retained the full benefit of the tuition and fee payments by Plaintiffs and the Class, yet have failed to provide the in-person, on-campus education, and full access to OSU's services and facilities for which tuition and fees were paid.

143.    The costs incurred by Defendants to operate an online program and closed campus are significantly lower than the cost and overhead necessary to provide classes and services on campus and in person.

144.    Defendants' retention of the portion of the tuition and fees during the period of time OSU moved to an entirely remote online education, encouraged students to stay off campus, closed or limited access to services and facilities, and otherwise denied Plaintiffs and Class members the in-person, on-campus education for which their tuition and fees paid, is unjust and inequitable under the circumstances.

Page 28 – CLASS ACTION COMPLAINT

HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

145. Equity and good conscience require that OSU return a portion of the monies paid in tuition and fees to Plaintiffs and Class members.

146. This is particularly true where, as here, OSU is supported by a $614.9 million endowment[53], with assets totaling more than $806.1 million,[54] while its students, on information and belief, do not have access to such immense financial resources, and further where, on information and belief, a substantial portion of its students have incurred substantial debt to finance an educational experience that they did not receive.

147. Because Defendants' retention of the non-gratuitous benefits conferred by Plaintiffs and Class members is unjust and inequitable, Plaintiffs and Class members are entitled to, and seek disgorgement and restitution of, the benefits unjustly retained, and Defendant should return the prorated portion of the tuition and fees that Plaintiffs and Class members each paid or agreed to pay, but did not and will not receive the bargained-for in-person education and on-campus experience.

148. Plaintiffs and Class members are further entitled to attorney's fees, costs, and disbursements.

## FOURTH CLAIM FOR RELIEF

### (Violation of the Takings Clause—42 U.S.C. § 1983)

### (Against Individual Defendants)

149. Plaintiffs restate and reallege, and incorporate herein by reference, the preceding paragraphs as if fully set forth herein.

150. Plaintiffs bring this claim individually and on behalf of the Class members against the individually named Defendants.

/ / /

---

[53] https://www.osufoundation.org/s/359/images/gid34/editor_documents/content/aboutus/aboutt hefoundation/financial/2020_endowment_impact_booklet.pdf?gid=34&pgid=61.
[54] *Id.*

Page 29 – CLASS ACTION COMPLAINT



HB  HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

151.    The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation." U.S. Const. Amend. V. The Takings Clause is made applicable to the states through the Fourteenth Amendment. *See* U.S. Const. Amend. XIV; *Murr v. Wisconsin*, 137 S Ct 1933, 1942, 198 L Ed 2d 497 (2017) (citing *Chicago, B. & Q.R. Co. v. Chicago*, 166 US 226, 17 S Ct 581, 41 L Ed 979 (1897)). Thus, the Takings Clause of the U.S. Constitution prohibits the individual Defendants from taking private property for public use without just compensation.

152.    Common law has recognized that there is a property right by an owner in funds held in an account managed by another. Here, Defendants received payment of tuition, housing, and mandatory fees from private citizens, as consideration for the benefit of receiving in-person course instruction, housing, and other on-campus benefits—the funds are thus private in nature but held by a public entity. Plaintiffs and Class members have a protected property right in all sums they paid to OSU.

153.    In addition, prior to the start of the Spring 2020 Quarter, Plaintiffs and Class members paid for and/or agreed to pay for an in-person educational experience and access to OSU's campus and facilities. As a result, Plaintiffs and Class members also have a protected property interest in an enforceable right to receive such services.

154.    Defendants violated the Takings Clause by failing to provide the contracted for in-person on-campus education and experience or return and/or direct the return to Plaintiffs and Class members that portion of the tuition, housing, and mandatory fees for which they received nothing, or significantly less than what they bargained for in return. Neither Plaintiffs nor the other Class members have made a knowing and voluntary waiver of their constitutional right under the Fifth Amendment to be paid just compensation for the taking of their property rights in those funds or services.

155.    Defendants' actions described herein were performed under color of law, and violated clearly established constitutional rights and norms.

Page 30 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

156.     Plaintiffs and Class members are further entitled to declaratory and injunctive relief, declaring Defendants' actions unconstitutional under the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and prohibiting Defendants from continuing to charge full tuition and fees when only providing online distance learning and limited or no access to campus, and injunctive relief ordering Defendants to return funds unlawfully withheld.

157.     Plaintiffs and Class members are entitled to an award of their reasonable attorney fees and costs pursuant to 42 USC § 1988.

**FIFTH CLAIM FOR RELIEF**

**(Inverse Condemnation)**

**(Against Defendant OSU)**

158.     Plaintiffs restate and reallege, and incorporate herein by reference, the preceding paragraphs as if fully set forth herein.

159.     Plaintiffs bring this claim individually and on behalf of the Class members against Defendant OSU.

160.     Article I, § 18 of the Oregon State Constitution provides "private property shall not be taken for public use without just compensation." Or. Const. Art. I, § 18. Thus, the Oregon Constitution prohibits OSU from taking private property for public use without just compensation.

161.     Common law has recognized that there is a property right by an owner in funds held in an account managed by another. Here, OSU received payment of tuition, housing, and mandatory fees from private citizens, as consideration for the benefit of receiving in-person course instruction, housing, and other on-campus benefits—the funds are thus private in nature but held by a public entity. Plaintiffs and Class Members have a protected property right in all sums they paid to OSU.

/ / /

Page 31 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

162.    Plaintiffs and Class members also have a protected property interest in continued education and services as contracted for.

163.    OSU violated the Oregon Constitution by failing to provide the contracted for in-person on-campus education and experience or return and/or direct the return to Plaintiffs and Class Members that portion of the tuition, housing, and mandatory fees for which they received nothing, or significantly less than what they bargained for in return. Neither Plaintiffs nor the other Class Members have made a knowing and voluntary waiver of their constitutional right under the Oregon Constitution to be paid just compensation for the taking of their property rights in those funds.

164.    OSU is a public entity with the power to condemn private property for a public purpose.

165.    OSU has failed to initiate formal condemnation proceedings in its taking of Plaintiffs' and Class members' property.

166.    Thus, Plaintiffs and the Class members are entitled to just compensation for the taking of their property, the amount of which shall be determined more particularly at trial.

167.    Plaintiffs and Class members are entitled to their reasonable attorney fees, costs, and disbursements pursuant to ORS 20.085.

**SIXTH CLAIM FOR RELIEF**

**(Due Process—42 U.S.C. § 1983)**

168.    Plaintiffs restate and reallege, and incorporate herein by reference, the preceding paragraphs as if fully set forth herein.

169.    Plaintiffs bring this claim individually and on behalf of the members of the Class against all Defendants.

170.    Government actors must provide adequate due process procedures when depriving citizens of protected property interests. U.S. Const. Amend. XIV; Const. Art. I, § 3.

/ / /

Page 32 – CLASS ACTION COMPLAINT



171.    The due process clauses of the U.S. Constitution and Art. I, § 18 of the Oregon Constitution prohibit the State of Oregon and the governmental agencies that it forms, such as Defendant, from depriving citizens of a protected property interest without due process of law.

172.    Plaintiffs and the Class members had a constitutionally protected property interest in the tuition, housing, and mandatory fees they paid for in-person education, housing, and on-campus services and opportunities but were denied due to the COVID-19 pandemic.

173.    Defendants took action depriving Plaintiffs and other Class members' constitutionally protected property interest by retaining amounts from Plaintiffs' and the Class members' payment of tuition, housing, and mandatory fees.

174.    Defendants deprived Plaintiffs and the other Class members of their protected property interests without due process of law by, for example:

    a.    Failing to provide timely notice to Plaintiffs and the Class, whose identity and contact information Defendants either knew, or by exercise or reasonable diligence should have known, of the refundable nature of the tuition, housing, and mandatory fees;

    b.    Failing to design and implement criteria by which the tuition, housing, and mandatory fees can be refunded to Plaintiffs and the Class in light of OSU ceasing or severely limiting all on-campus in-person lectures, housing, and activities due to the COVID-19 pandemic; and

    c.    Failing to design and implement a mechanism by which Plaintiffs and the other Class members can obtain a refund of the tuition, housing, and mandatory fees in light of OSU ceasing or severely limiting all on-campus in-person lectures, housing, and activities due to the COVID-19 pandemic.

175.    Defendants' failure to comply with the requirements of due process has deprived Plaintiffs and Class members of their property and/or has resulted in substantial detriment to the Plaintiffs and the Class. Plaintiffs and Class members have been damaged in an amount to be more particularly determined at trial.

176.    Plaintiffs and Class members are further entitled to declaratory and injunctive relief, declaring Defendants' actions unconstitutional under the Due Process Clause of the Fifth

Page 33 – CLASS ACTION COMPLAINT



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    and Fourteenth Amendments to the United States Constitution, and prohibiting Defendants from

2    continuing to charge full tuition and fees when only providing online distance learning and

3    limited or no access to campus, and injunctive relief ordering Defendants to return funds

4    unlawfully withheld.

5        177.    Plaintiffs and Class members are entitled to an award of their reasonable attorney

6    fees and costs pursuant to 42 USC § 1988.

7                                    **JURY DEMAND**

8        163.    Plaintiffs demand a trial by jury on their own behalf and on behalf of Class

9    members.

10                       **RESERVATION OF PUNITIVE DAMAGES**

11        164.    Plaintiffs and Class members reserve the right to amend this complaint to include

12    claims for punitive damages upon further discovery, as provided by ORS 31.725.

13                                 **PRAYER FOR RELIEF**

14        WHEREFORE, Plaintiffs and Class members request that the Court enter an order or

15    judgment against Defendants including:

16        A.    Certification of the action as a Class Action under ORCP 32(a), (b)(2), and (b)(3),

17    and appointment of Plaintiffs as Class Representatives and their counsel of record as Class

18    Counsel;

19        B.    On Plaintiffs' and Class members' First Cause of Action (Breach of Contract), for

20    an award of damages in an exact amount to be proven at trial, but in an amount related to

21    unrefunded tuition and fees paid by Class members, and an award of attorney fees, costs, and

22    disbursements;

23        C.    On Plaintiffs' and Class members' Second Cause of Action (Implied in Fact

24    Contract), for an award of damages in an exact amount to be proven at trial, but in an amount

25    related to unrefunded tuition and fees paid by Class members, and an award of attorney fees,

26    costs, and disbursements;

Page 34 – CLASS ACTION COMPLAINT



HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1        D.     On Plaintiffs' and Class members' Third Cause of Action (Unjust Enrichment),

2  for an award of damages in an exact amount to be proven at trial, but in an amount related to

3  unrefunded tuition and fees paid by Class members, and an award of attorney fees, costs, and

4  disbursements;

5        E.     On Plaintiffs' and Class members' Fourth Cause of Action (Takings Clause), for

6  (a) declaratory and injunctive relief, declaring Defendants' actions unconstitutional under the

7  Takings Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and

8  temporary and permanent injunctive relief, enjoining Defendants from continuing to charge full

9  tuition and fees when only providing online distance learning and limited or no access to

10  campus, and ordering Defendants to return funds unlawfully withheld; and (b) an award of

11  attorney fees, costs, and disbursements;

12        F.     On Plaintiffs' and Class members' Fifth Cause of Action (Inverse

13  Condemnation), for an award of damages in an exact amount to be proven at trial, but in an

14  amount related to unrefunded tuition and fees paid by Class members, and an award of attorney

15  fees, costs, and disbursements;

16        G.    On Plaintiffs' and Class Members' Sixth Cause of Action (Due Process), for (a)

17  declaratory and injunctive relief, declaring Defendants' actions unconstitutional under the Due

18  Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and

19  temporary and permanent injunctive relief, enjoining Defendants from continuing to charge full

20  tuition and fees when only providing online distance learning and limited or no access to

21  campus, and ordering Defendants to return funds unlawfully withheld; and (b) an award of

22  attorney fees, costs, and disbursements;

23  / / /

24  / / /

25  / / /

26  / / /

Page 35 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    H.    For an award of pre-judgment and post-judgment interest on all monetary relief at

2  the highest rate provided by statute or contract;

3    I.    For an award of reasonable attorney fees, expenses, costs, and disbursements; and

4    J.    All other relief to which Plaintiffs and Class members may be entitled by law or

5  in equity.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 36 – CLASS ACTION COMPLAINT



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    Dated: March 5, 2021                     Respectfully submitted,

2                               /s/ Paul B. Barton

3                      Paul B. Barton, – Trial Attorney, OSB No. 100502

                     Neil N. Olsen, OSB No. 053378

4                      Alex Graven, OSB No. 153443

                     Olsen Barton LLC

5                      5 Centerpointe Dr., Suite 220

                     Lake Oswego, Oregon 97035

6                      (503) 558-5293

7                      (503) 820-2933 (fax)

                     *paul@olsenbarton.com; neil@olsenbarton.com;*

8                      *alex@olsenbarton.com*

9                      Steve W. Berman (*Pro Hac Vice Forthcoming*)

10                     Hagens Berman Sobol Shapiro LLP

                     1301 Second Avenue, Suite 2000

11                     Seattle, WA 98101

12                     (206) 623-7292

                     (206)-623-0594 (fax)

13                     *steve@hbsslaw.com*

14                     Daniel J. Kurowski (*Pro Hac Vice Forthcoming*)

                     Whitney K. Siehl (*Pro Hac Vice Forthcoming*)

15                     Hagens Berman Sobol Shapiro LLP

16                     455 N. Cityfront Plaza Dr., Suite 2410

                     Chicago, IL 60611

17                     (708) 628-4949

18                     (708) 628-4950 (fax)

                     *dank@hbsslaw.com; whitneys@hbsslaw.com*

19                     Gary Lynch (*Pro Hac Vice Forthcoming*)

20                     Edward W. Ciolko (*Pro Hac Vice Forthcoming*)

                     Nicholas A. Colella (*Pro Hac Vice Forthcoming*)

21                     Carlson Lynch LLP

22                     1133 Penn Avenue, 5th Floor

                     Pittsburgh, PA 15222

23                     (412) 322-9243

                     (412) 231-0246 (fax)

24                     *glynch@carlsonlynch.com*

                     *eciolko@carlsonlynch.com*

25                     *ncolella@carlsonlynch.com*

                     *Attorneys for Plaintiff, individually and on behalf of*

26                     *all others similarly situated*

Page 37 – CLASS ACTION COMPLAINT



# EXHIBIT 1

**T** 206.623.7292   **F** 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**<u>By Certified Mail</u>**
Oregon State University
1500 SW Jefferson Way
Corvallis, OR 97331

### <u>NOTICE OF CLAIM</u>

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

*Exhibit A*
*Page 42 of 149*

**Exhibit 1**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

## OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 2

**T** 206.623.7292    **F** 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
President F. King Alexander
Office of the President
*600 Kerr Administration Building*
Corvallis, OR 97331

<u>**NOTICE OF CLAIM**</u>

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

*Exhibit A*
*Page 47 of 149*

**Exhibit 2**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

### OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*

Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 3

T 206.623.7292    F 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Mike Bailey
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

## NOTICE OF CLAIM

To Whom It May Concern,

      This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

      Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

      Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

*Exhibit A*
*Page 52 of 149*

**Exhibit 3**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

### OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33.00[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 4

**T** 206.623.7292     **F** 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Patricia M. Bedient
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

## NOTICE OF CLAIM

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.     *Exhibit A*
*Page 57 of 149*

**Exhibit 4**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

## OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 5

T 206.623.7292    F 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Rani Borkar
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

## NOTICE OF CLAIM

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

### OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 6

T 206.623.7292    F 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Julia Brim-Edwards
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

## NOTICE OF CLAIM

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

*Exhibit A*
*Page 67 of 149*

**Exhibit 6**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

**OSU Fees Per Term**

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 7

T 206.623.7292    F 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Darald W. Callahan
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

**NOTICE OF CLAIM**

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

*Exhibit A*
*Page 72 of 149*

**Exhibit 7**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

### OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.   AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 8

T 206.623.7292    F 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Michele Longo Eder
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

**NOTICE OF CLAIM**

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

*Exhibit A*
*Page 77 of 149*

**Exhibit 8**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

## OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 9

**T** 206.623.7292    **F** 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Lamar Hurd
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

## NOTICE OF CLAIM

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

*Exhibit A*
*Page 82 of 149*

**Exhibit 9**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

### OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 10

**T** 206.623.7292    **F** 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

<u>**By Certified Mail**</u>
Paul J. Kelly, Jr.
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

<u>**NOTICE OF CLAIM**</u>

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and, if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

*Exhibit A*
*Page 87 of 149*

**Exhibit 10**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered
on-site/in-person or in a blended format, with both on-site/in-person and remote
instruction."[5] The Corvallis campus will continue providing instruction primarily online
through the Winter 2021 term.[6]

      Given the transition to online classes and COVID-19 concerns, many students did
not return to campus for the Spring 2020 term. When student services are curtailed or
eliminated, students should not be forced to pay for services they cannot use. Further, online
classes are not a substitute for in-person education, and students paid for and were promised
in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for
in-person instruction that is no longer available to them, access to buildings they can no
longer enter, technology, programs and services that OSU is no longer providing, and
activities that are no longer available.

      However, OSU has refused to provide tuition or other fee refunds for services
students cannot use. Students paid the Costs of Attendance for in-person classes and
services, and should not have those monies redirected to pay for the cost of online classes,
and other COVID-19 expenses, for the entire university. Redirecting the Costs of
Attendance paid by current students while eliminating or reducing services paid for is
inappropriate, unfair, and unlawful.

      OSU, by and through the Board of Trustees, has collectively made the decisions
described in this Notice of Claim. Claimants are not taking issue with administrators closing
campuses or transitioning to online instruction. Indeed, Claimants understand these were
necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and
fees paid for in-person courses and experiences and providing online-only courses.
Claimants and others similarly situated did not receive the benefit of their bargain, should
not be forced to have their money taken and redirected without their consent, and should be
refunded monies they paid for services that cannot be used for the Spring 2020 term and all
subsequent terms.

      Costs of Attendance include the following, and those who paid for such Costs of
Attendance should receive a prorated refund for at least the following:

## OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 11

**T** 206.623.7292    **F** 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Julie Manning
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

## NOTICE OF CLAIM

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

SEATTLE    BOSTON    CHICAGO    COLORADO SPRINGS    LOS ANGELES    NEW YORK    PHOENIX    SAN FRANCISCO    WASHINGTON, D.C.

*Exhibit A*
*Page 92 of 149*

**Exhibit 11**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.  BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

## OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

_____

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 12

T 206.623.7292     F 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Preston Pulliams
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

## NOTICE OF CLAIM

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

*Exhibit A*
*Page 97 of 149*

**Exhibit 12**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

## OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

      The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

      For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

      Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

                           Sincerely,

                           HAGENS BERMAN SOBOL SHAPIRO LLP

                           */s/ Steve W. Berman*
                           Steve W. Berman

                           CARLSON LYNCH LLP

                           */s/ Ed Ciolko*
                           Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 13

T 206.623.7292   F 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Kirk E. Schueler
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

**NOTICE OF CLAIM**

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.      *Exhibit A*
*Page 102 of 149*

**Exhibit 13**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

### OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 14

T 206.623.7292    F 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**<u>By Certified Mail</u>**
Stephanie Smith
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

<u>**NOTICE OF CLAIM**</u>

To Whom It May Concern,

     This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

     Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

     Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

SEATTLE    BOSTON    CHICAGO    COLORADO SPRINGS    LOS ANGELES    NEW YORK    PHOENIX    SAN FRANCISCO    WASHINGTON, D.C.

*Exhibit A*
*Page 107 of 149*

**Exhibit 14**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

### OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

# EXHIBIT 15

T 206.623.7292   F 206.623.0594



Steve W. Berman
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
www.hbsslaw.com
**Direct (206) 268-9320**
**steve@hbsslaw.com**

November 30, 2020

**By Certified Mail**
Michael G. Thorne
Oregon State University
638 Kerr Administration Building
Corvallis, OR 97331

**NOTICE OF CLAIM**

To Whom It May Concern,

This letter constitutes a Notice of Claim under Oregon Rule of Civil Procedure 32(H) against Oregon State University, including all branch and campus locations, F. King Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of The Board of Trustees of Oregon State University, and Edward J. Ray in his capacity as University President until June 30, 2020 ("Board") (collectively "OSU").

Claimants Danielle Pranger and Garrett Harris hereby give notice of claims for breach of contract, breach of implied contract, violations of the takings clause and due process violations under the United States Constitution and Oregon Constitution, unjust enrichment, and any other state or federal claim that can reasonably be claimed as arising from the facts alleged in this Notice of Claim. Claimants also seek declaratory and injunctive relief to end OSU's unlawful conduct, and to return monies paid and unlawfully retained.

Claimants make this claim on behalf of a putative class of students who paid for university tuition, fees, and costs (collectively "Costs of Attendance") where the student for whom such payments were made, (1) received online courses instead of the in-person courses for which the student, or someone on his or her behalf, paid, (2) received a reduction in bargained for services for which the student, or someone on his or her behalf, paid, and (3) had certain services for which they paid eliminated entirely. These students may be sub-classed as appropriate under the Oregon or Federal Rules of Civil Procedure if Claimants are forced to file suit. Claimants also reserve the right to seek issue certification under the Oregon or Federal Rules of Civil Procedure. If litigation ensues, Claimants intend to seek certification of a class and will seek to act as the class representatives of the class, and if applicable, the subclass and issue class. Claimants reserve the right to add additional class representatives.

*Exhibit A*
*Page 112 of 149*

**Exhibit 15**
**Page 1 of 4**

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 2

The factual basis for Claimants' claims and this Notice of Claim is given without the benefit of formal discovery and is subject to amendment or supplementation.

Claimants have served this Notice of Claim as required by Or. R. Civ. P. 32, but to the extent anyone believes this Notice of Claim is procedurally or substantively deficient, Claimants request that OSU or any other person who receives this Notice of Claim timely explain why it is believed to be deficient and, if applicable, provide Claimants with the address or designee authorized to accept service for the public entity, public school, or public employee under the Oregon or Federal Rules of Civil Procedure.

The terms and content of this Notice of Claim are subject to OR Rev. Stat. § 40.190 Rule 408 of the Oregon Rules of Evidence and Rule 408 of the Federal Rules of Evidence. This Notice of Claim is also subject to the privacy provisions on the Federal Education Rights and Privacy Act.

## I.    BASIS FOR CLAIMS

Claimants Danielle Pranger and Garrett Harris were a full-time, undergraduate students at the Oregon State University during the Winter and Spring 2020 terms. They paid all Costs of Attendance assessed by OSU for their education during the Winter and Spring 2020 terms. The tuition, fees, and others costs, paid by students, or others on the students' behalf, at OSU are designed and earmarked to pay for an in-person education, experiences, and services, not to offset new expenses that arose due to COVID-19.

On or about March 11, 2020, Oregon State University Provost and Executive Vice President Edward Feser announced effective March 14, 2020 the Winter 2020 term final exams would be remote where possible.[1] It was also announced effective March 30, 2020 "all spring term courses, labs, and exams will be delivered remotely, where possible."[2] On March 18, 2020 it was announced "OSU will move to remote instruction for all of spring term."[3] OSU moved all, or substantively all, in-person Spring 2020 term classes to online instruction.

Courses remained remote for the majority of the Summer 2020 sessions, with only session 4 and 5 offering some in-person courses.[4] The majority of courses remained online for the Fall 2020 term as well, with "nearly 95% of instructional activities on the Corvallis

---

[1] https://covid.oregonstate.edu/latest-updates/covid-19-response-require-remote-final-exams-remote-teaching/.

[2] *Id.*

[3] https://covid.oregonstate.edu/latest-updates/covid-19-update-remote-teaching-full-spring-term/.

[4] https://covid.oregonstate.edu/latest-updates/fall-and-summer-instructional-modality-guidance/.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 3

campus conducted remotely and at OSU-Cascades, about half of all classes [were] offered on-site/in-person or in a blended format, with both on-site/in-person and remote instruction."[5] The Corvallis campus will continue providing instruction primarily online through the Winter 2021 term.[6]

Given the transition to online classes and COVID-19 concerns, many students did not return to campus for the Spring 2020 term. When student services are curtailed or eliminated, students should not be forced to pay for services they cannot use. Further, online classes are not a substitute for in-person education, and students paid for and were promised in-person classes when they paid the Costs of Attendance to OSU. Students paid OSU for in-person instruction that is no longer available to them, access to buildings they can no longer enter, technology, programs and services that OSU is no longer providing, and activities that are no longer available.

However, OSU has refused to provide tuition or other fee refunds for services students cannot use. Students paid the Costs of Attendance for in-person classes and services, and should not have those monies redirected to pay for the cost of online classes, and other COVID-19 expenses, for the entire university. Redirecting the Costs of Attendance paid by current students while eliminating or reducing services paid for is inappropriate, unfair, and unlawful.

OSU, by and through the Board of Trustees, has collectively made the decisions described in this Notice of Claim. Claimants are not taking issue with administrators closing campuses or transitioning to online instruction. Indeed, Claimants understand these were necessary steps at the time. Claimants, however, take issue with OSU retaining all tuition and fees paid for in-person courses and experiences and providing online-only courses. Claimants and others similarly situated did not receive the benefit of their bargain, should not be forced to have their money taken and redirected without their consent, and should be refunded monies they paid for services that cannot be used for the Spring 2020 term and all subsequent terms.

Costs of Attendance include the following, and those who paid for such Costs of Attendance should receive a prorated refund for at least the following:

## OSU Fees Per Term

- Tuition
- Counseling/Health Service Fee

---

[5] https://covid.oregonstate.edu/latest-updates/fall-term-opens-we-must-all-contribute-safety.

[6] https://covid.oregonstate.edu/latest-updates/fall-week-2-provost%E2%80%99s-update.

Notice of Claim Pursuant to Or. R. Civ. P. 32
November 30, 2020
Page 4

- Incidental Fee
- Building Fee
- Other Fees

## II.    AMOUNT OF CLAIM

The Board conducted themselves in a manner, in both their official and individual capacities, that violated clearly established rights. Claimant asserts that the OSU's actions have caused substantial harm that entitles them and putative class members to monetary damages for the claims listed above.

For their demand on behalf of the putative class, Claimants will each accept a refund, in the amount of prorated tuition, fees, and costs paid for in-person courses, services, and experiences students were not able to use from March 14, 2020 through each subsequent term courses are offered online.[7] In addition to their demand on behalf of the putative class, Claimants make individual demands for their claim for Mr. Harris for $20,878.33[8] and Ms. Pranger for $7,808.33[9], which provides a full-prorated refund of all Costs of Attendance for the Spring 2020 term and Fall 2020 term, including a full refund of fees for services they paid for and could not use, and reasonable costs and attorney's fees as they exist at the time of acceptance.

Under Or. R. Civ. P. 32(H), the entities and individuals named in this letter have thirty (30) days to respond before further legal action can be instituted under Oregon state law.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

*/s/ Steve W. Berman*
Steve W. Berman

CARLSON LYNCH LLP

*/s/ Ed Ciolko*
Ed Ciolko

---

[7] https://fa.oregonstate.edu/budget/tuition-fees/.

[8] 15 credit hours of non-resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

[9] 15 credit hours of resident tuition plus mandatory fees for Spring 2020 and Fall 2020 terms.

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                         FOR THE COUNTY OF MULTNOMAH

6    DANIELLE PRANGER and GARRETT            Case No. 21CV08719
     HARRIS, individually and on behalf of all
7    others similarly situated,

8                        Plaintiffs,          **SUMMONS**

9
              v.
10

11   OREGON STATE UNIVERSITY, a public
     body of the State of Oregon;
12   F. KING ALEXANDER, in his capacity as
     member of the Board of Trustees; MIKE
13   BAILEY, in his capacity as member of the
     Board of Trustees;
14   PATRICIA M. BEDIENT, in her capacity
     as member of the Board of Trustees; RANI
15   BORKAR, in her capacity as member of the
     Board of Trustees; JULIA BRIM-
16   EDWARDS, in her capacity as member of
     the Board of Trustees; DARALD W.
17   CALLAHAN, in his capacity as member of
     the Board of Trustees; MICHELE LONGO
18   EDER, in her capacity as member of the
     Board of Trustees; LAMAR HURD, in his
19   capacity as member of the Board of
     Trustees; PAUL J. KELLY, JR., in his
20   capacity as member of the Board of
     Trustees; JULIE MANNING, in her
21   capacity as member of the Board of
     Trustees; PRESTON PULLIAMS, in his
22   capacity as member of the Board of
     Trustees; KIRK E. SCHUELER, in his
23   capacity as member of the Board of
     Trustees;
24

25

26

Page 1 – SUMMONS



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

*Exhibit A*
*Page 116 of 149*

*Exhibit A*
*Page 116 of 149*

1  STEPHANIE SMITH, in her capacity as
2  member of the Board of Trustees; AND
   MICHAEL G. THORNE, in his capacity as
3  member of the Board of Trustees.

4                        Defendants.

5

6    **TO:    Defendants Oregon State University, F. King Alexander,**
7    **Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards,**
     **Darald W. Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr.,**
8    **Julie Manning, Preston Pulliams, Kirk E. Schueler, Stephanie Smith, and**
     **Michael G. Thorne**
9    **c/o Sarah J. Crooks**
     **Perkins Coie LLP**
10   **1120 NW Couch Street, 10th Floor**
     **Portland, OR 97209**
11

12         IN THE NAME OF THE STATE OF OREGON: You are required to appear and to

13  defend against the Complaint filed against you in this case within thirty (30) days from the date

14  of service of this Summons upon you. If you fail to appear and to defend, Plaintiffs will apply to

15  the Court for the relief demanded in the Complaint.

16                          **NOTICE TO DEFENDANT:**

17                          **READ THESE PAPERS**

18                               **CAREFULLY!**

19         You must "appear" in this case or the other side will win automatically. To "appear" you

20  must file with the court a legal document called a "motion" or "answer." The "motion" or

21  "answer" must be given to the court clerk or administrator within thirty (30) days along with the

22  required filing fee. It must be in proper form and have proof of service on the Plaintiffs' attorney

23  or, if the Plaintiffs do not have an attorney, proof of service on the Plaintiffs.

24  / / /

25  / / /

26  / / /

Page 2 – SUMMONS



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1       If you have questions, you should see an attorney immediately. If you need help in

2   finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at

3   www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or

4   toll-free elsewhere in Oregon at (800) 452-7636.

5   / / /

6   / / /

7   / / /

8   / / /

9   / / /

10  / / /

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

Page 3 – SUMMONS

HAGENS BERMAN

1301 Second Avenue, Suite 2000 • Seattle, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    Dated: March 24, 2021        Respectfully submitted,

2

3                                  Paul B. Barton, – Trial Attorney, OSB No. 100502

                                 Neil N. Olsen, OSB No. 053378

4                                  Alex Graven, OSB No. 153443

                                 Olsen Barton LLC

5                                  5 Centerpointe Dr., Suite 220

                                 Lake Oswego, Oregon 97035

6                                  (503) 558-5293

7                                  (503) 820-2933 (fax)

                                 *paul@olsenbarton.com; neil@olsenbarton.com;*

8                                  *alex@olsenbarton.com*

9                                  Steve W. Berman (*Pro Hac Vice Forthcoming*)

10                                Hagens Berman Sobol Shapiro LLP

                                 1301 Second Avenue, Suite 2000

11                                Seattle, WA 98101

12                                (206) 623-7292

                                 (206)-623-0594 (fax)

13                                *steve@hbsslaw.com*

14                                Daniel J. Kurowski (*Pro Hac Vice Forthcoming*)

                                 Whitney K. Siehl (*Pro Hac Vice Forthcoming*)

15                                Hagens Berman Sobol Shapiro LLP

                                 455 N. Cityfront Plaza Dr., Suite 2410

16                                Chicago, IL 60611

17                                (708) 628-4949

                                 (708) 628-4950 (fax)

18                                *dank@hbsslaw.com; whitneys@hbsslaw.com*

19                                Gary Lynch (*Pro Hac Vice Forthcoming*)

20                                Edward W. Ciolko (*Pro Hac Vice Forthcoming*)

                                 Nicholas A. Colella (*Pro Hac Vice Forthcoming*)

21                                Carlson Lynch LLP

22                                1133 Penn Avenue, 5th Floor

                                 Pittsburgh, PA 15222

23                                (412) 322-9243

                                 (412) 231-0246 (fax)

24                                *glynch@carlsonlynch.com*

                                 *eciolko@carlsonlynch.com*

25                                *ncolella@carlsonlynch.com*

26                                *Attorneys for Plaintiff, individually and on behalf of*

                                 *all others similarly situated*

Page 4 – SUMMONS

**HB HAGENS BERMAN**

1         I certify that I have prepared this copy of the Summons and that I have carefully

2    compared this copy with the original. I further certify that this is a true, exact, complete, and

3    correct copy of the original. The post office address at which papers in this action may be served

4    upon Plaintiffs by mail is: 5 Centerpointe Drive, Suite 220, Lake Oswego, OR 97035;

5    Phone (503) 468-5573.

6    / / /

7    / / /

8    / / /

9    / / /

10    / / /

11    / / /

12    / / /

13    / / /

14    / / /

15    / / /

16    / / /

17    / / /

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

Page 5 – SUMMONS



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    Dated: March 24, 2021                    Respectfully submitted,

2

3                                             Paul B. Barton, – Trial Attorney, OSB No. 100502
                                              Neil N. Olsen, OSB No. 053378
4                                             Alex Graven, OSB No. 153443
                                              Olsen Barton LLC
5                                             5 Centerpointe Dr., Suite 220
                                              Lake Oswego, Oregon 97035
6                                             (503) 558-5293
                                              (503) 820-2933 (fax)
7                                             *paul@olsenbarton.com; neil@olsenbarton.com;*
                                              *alex@olsenbarton.com*
8

9                                             Steve W. Berman (*Pro Hac Vice Forthcoming*)
                                              Hagens Berman Sobol Shapiro LLP
10                                            1301 Second Avenue, Suite 2000
                                              Seattle, WA 98101
11                                            (206) 623-7292
                                              (206)-623-0594 (fax)
12                                            *steve@hbsslaw.com*

13

14                                            Daniel J. Kurowski (*Pro Hac Vice Forthcoming*)
                                              Whitney K. Siehl (*Pro Hac Vice Forthcoming*)
15                                            Hagens Berman Sobol Shapiro LLP
                                              455 N. Cityfront Plaza Dr., Suite 2410
16                                            Chicago, IL 60611
                                              (708) 628-4949
17                                            (708) 628-4950 (fax)
                                              *dank@hbsslaw.com; whitneys@hbsslaw.com*
18

19                                            Gary Lynch (*Pro Hac Vice Forthcoming*)
                                              Edward W. Ciolko (*Pro Hac Vice Forthcoming*)
20                                            Nicholas A. Colella (*Pro Hac Vice Forthcoming*)
                                              Carlson Lynch LLP
21                                            1133 Penn Avenue, 5th Floor
                                              Pittsburgh, PA 15222
22                                            (412) 322-9243
                                              (412) 231-0246 (fax)
23                                            *glynch@carlsonlynch.com*
                                              *eciolko@carlsonlynch.com*
24                                            *ncolella@carlsonlynch.com*
                                              *Attorneys for Plaintiff, individually and on behalf of*
25                                            *all others similarly situated*

26

Page 6 – SUMMONS

HB HAGENS BERMAN

1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

DANIELLE PRANGER and GARRETT HARRIS, individually and on behalf of all others similarly situated,

                Plaintiffs,

      v.

OREGON STATE UNIVERSITY, a public body of the State of Oregon; F. KING ALEXANDER, in his capacity as member of the Board of Trustees; MIKE BAILEY, in his capacity as member of the Board of Trustees; PATRICIA M. BEDIENT, in her capacity as member of the Board of Trustees; RANI BORKAR, in her capacity as member of the Board of Trustees; JULIA BRIM-EDWARDS, in her capacity as member of the Board of Trustees; DARALD W. CALLAHAN, in his capacity as member of the Board of Trustees; MICHELE LONGO EDER, in her capacity as member of the Board of Trustees; LAMAR HURD, in his capacity as member of the Board of Trustees; PAUL J. KELLY, JR., in his capacity as member of the Board of Trustees; JULIE MANNING, in her capacity as member of the Board of Trustees; PRESTON PULLIAMS, in his capacity as member of the Board of Trustees; KIRK E. SCHUELER, in his capacity as member of the Board of Trustees;

Case No. 21CV08719

**ACCEPTANCE OF SERVICE**

Page 1 – ACCEPTANCE OF SERVICE



1301 SECOND AVENUE, SUITE 2000 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Exhibit A
Page 122 of 149

Exhibit A
Page 122 of 149

1    STEPHANIE SMITH, in her capacity as
     member of the Board of Trustees; AND
2    MICHAEL G. THORNE, in his capacity as
     member of the Board of Trustees.
3

4                      Defendants.

5

6        I, Sarah J. Crooks, am the attorney for Defendants Oregon State University, F. King

7    Alexander, Mike Bailey, Patricia M. Bedient, Rani Borkar, Julia Brim-Edwards, Darald W.

8    Callahan, Michele Longo Eder, Lamar Hurd, Paul J. Kelly, Jr., Julie Manning, Preston Pulliams,

9    Kirk E. Schueler, Stephanie Smith, and Michael G. Thorne, in their capacities as members of the

10   Board of Trustees of Oregon State University (collectively, the "Defendants") in the above-

11   entitled action, and am authorized to accept service of the Summons and Class Action

12   Complaint, in this matter on behalf of the Defendants pursuant to ORCP 7 D(1).

13       I hereby accept service of the Summons and Class Action Complaint for the Defendants.

14   By this acceptance of service, the Defendants do not waive any defenses except those based on

15   the effectiveness, regularity, or sufficiency of service of process under ORCP 7. This acceptance

16   constitutes service under ORCP 7 D(3)(a).

17       Dated this 1st day of ~~March~~ April, 2021.

18                      PERKINS COIE LLP

19

20

21                      Sarah J. Crooks, OSB No. 971512
                        scrooks@perkinscoie.com
22                      Perkins Coie LLP
                        1120 NW Couch Street, 10th Floor
23                      Portland, OR 97209
                        Tel: (503) 727-2252 | Fax: (503) 727-2222
24                      *Of Attorneys for Defendants*

25

26

Page 2 – ACCEPTANCE OF SERVICE



*Exhibit A*
*Page 123 of 149*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

DANIELLE PRANGER and GARRETT
HARRIS, individually and on behalf of
all others similarly situated,

                    Plaintiffs,

          v.

OREGON STATE UNIVERSITY, a
public body of the State of Oregon;
F. KING ALEXANDER, in his capacity
as member of the Board of Trustees;
MIKE BAILEY, in his capacity as
member of the Board of Trustees;
PATRICIA M. BEDIENT, in her
capacity as member of the Board of
Trustees; RANI BORKAR, in her
capacity as member of the Board of
Trustees; JULIA BRIM-EDWARDS, in
her capacity as member of the Board of
Trustees; DARALD W. CALLAHAN, in
his capacity as member of the Board of
Trustees; MICHELE LONGO EDER, in
her capacity as member of the Board of
Trustees; LAMAR HURD, in his
capacity as member of the Board of
Trustees; PAUL J. KELLY, JR., in his
capacity as member of the Board of
Trustees; JULIE MANNING, in her
capacity as member of the Board of
Trustees; PRESTON PULLIAMS, in his
capacity as member of the Board of
Trustees; KIRK E. SCHUELER, in his
capacity as member of the Board of
Trustees;

Case No. 21CV08719

**UNOPPOSED MOTION FOR
ASSOCIATION OF OUT-OF-STATE
COUNSEL (*PRO HAC VICE*)**

Page 1 – UNOPPOSED MOTION FOR ASSOCIATION OF OUT-OF-STATE COUNSEL
        (*PRO HAC VICE*)

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

*Exhibit A*
*Page 124 of 149*

STEPHANIE SMITH, in her capacity as member of the Board of Trustees; AND MICHAEL G. THORNE, in his capacity as member of the Board of Trustees.

Defendants.

The Moving Party moves for association of out-of-state counsel (*pro hac vice*) of Daniel J. Kurowski for the purpose of appearing as an attorney for Plaintiffs Danielle Pranger and Garrett Harris ("Plaintiffs").

1.

This case is a civil litigation matter which was filed in Multnomah County Circuit Court on March 5, 2021.

2.

The Moving Party requests the admission of Daniel J. Kurowski for the purpose of appearing as an attorney for Plaintiffs in these proceedings. The Motion is based on UTCR 3.170 and the certification of the applicant, below. The Oregon State Bar Association issued the Certification of Compliance, which is attached hereto as Exhibit 1.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 2 – UNOPPOSED MOTION FOR ASSOCIATION OF OUT-OF-STATE COUNSEL (*PRO HAC VICE*)

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

*Exhibit A*
*Page 125 of 149*

1    WHEREAS, Plaintiffs respectfully request the Court to grant this motion and enter an

2   order granting the Motion for *Pro Hac Vice* Admission.

3        DATED, April 13, 2021,

4

5                                    OLSEN BARTON LLC

6

7                                    ___s/ Paul B. Barton_____
                                     Paul B. Barton – Trial Attorney, OSB No. 100502
8                                    paul@olsenbarton.com
                                     5 Centerpointe Drive, Suite 220
9                                    Lake Oswego, OR  97035
                                     Tel: (503) 468-5573 | Fax: (503) 820-2933
10                                   *Attorneys for Plaintiffs, individually and on behalf of all*
                                     *others similarly situated*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 – UNOPPOSED MOTION FOR ASSOCIATION OF OUT-OF-STATE COUNSEL
    (*PRO HAC VICE*)

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

*Exhibit A*
*Page* 126 *of 149*

## CERTIFICATION OF APPLICANT FOR ADMISSION

I hereby certify under penalty of perjury under the laws of the State of Oregon that:

1.      I am a member in good standing of the bar of the State of Illinois.

2.      I am not subject to pending disciplinary proceedings in any other jurisdiction.

3.      I am associating with Paul B. Barton, an active member in good standing of the Oregon State Bar, who will participate meaningfully in this matter.

4.      I will comply with applicable statutes, law, and procedural rules of the State of Oregon; be familiar with and comply with the disciplinary rules of the Oregon State Bar; and submit to the jurisdiction of the Oregon courts and the Oregon State Bar with respect to acts and omissions occurring during my admission under this rule.

5.      I agree, as a continuing obligation under this rule, to notify the trial court or administrative body promptly of any changes in the out-of-state attorney's insurance or status.

6.      I have complied with all of the requirements of UTCR 3.170.

7.      I have read the foregoing motion and certification and the statements contained in it are full, true and correct.

Dated this <u>24th</u> day of March, 2021 at Lombard, Illinois.

_____
Daniel J. Kurowski

Page 1 – CERTIFICATION OF APPLICANT FOR ADMISSION

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

*Exhibit A*
*Page 127 of 149*

# EXHIBIT 1

)
**In re:** Daniel J. Kurowski                )        **Certificate of Compliance**
**Name of Out-of-State Attorney**        )        **For *Pro Hac Vice* Admission**
)

I, Daniel J. Kurowski _____(print name), am an attorney in the State of Illinois _____
and I intend to seek *pro hac vice* admission in accordance with ORS 9.241 and UTCR 3.170 in the following Oregon court action or proceeding:

**Case Name:** Pranger, et al. v. Oregon State University, et al. _____

**Court:** Circuit Court of Multnomah _____    **Case No.:** 21CV08719 _____

I certify that (check all that apply):

☑ I am an attorney in good standing in the State of Illinois _____, as evidenced by the attached good standing certificate issued by the licensing authority in that state.
  ☑ I am not subject to any pending disciplinary proceedings in any jurisdiction; **or**
  ☐ I am subject to pending disciplinary proceedings in another jurisdiction, the nature and status of which are described in an attachment to this certificate.

☑ I intend to associate in the above-referenced action or proceeding with Paul B. Barton _____, OSB No. 100502 _____, an active member in good standing of the Oregon State Bar, who will participate meaningfully in the matter.

☑ I will comply with applicable statutes, laws, and procedural rules of the State of Oregon; be familiar with and comply with disciplinary rules of the Oregon State Bar; and submit to the jurisdiction of the Oregon courts and Oregon State Bar with respect to acts and omissions occurring during my *pro hac vice* admission.

☑ My private law practice activities in Oregon are covered by professional liability insurance substantially equivalent to the Oregon State Bar Professional Liability Fund plan, as evidenced by the attached certificate of insurance coverage.

☑ I agree, as a continuing obligation of *pro hac vice* admission, to notify the trial court promptly of any changes in my insurance coverage, or my admission or disciplinary status in any other jurisdiction.

☑ I will provide to the Oregon State Bar a copy of the order admitting me *pro hac vice* in the above-referenced matter when such an order is granted. In the event *pro hac vice* admission is revoked for any reason, I will promptly notify the Oregon State Bar.

☑ I submit $500 to the Oregon State Bar as payment of the *pro hac vice* fee established by ORS 9.241 and the rules of the Oregon Supreme Court. I acknowledge that this fee is for a period of twelve months from the date of the Acknowledgment of Receipt issued below, and that an additional fee of $500 will be required in order for me to continue my *pro hac vice* admission in the matter for every twelve-month period thereafter.

Dated this 24 _____ day of March _____, 20 21 .

X  _Paul Kurowski_ _____          State of Illinois _____ Bar No.: 6286656 _____
(Applicant Signature)                                  (Home Jurisdiction)

Mailing Address: 455 N. Cityfront Plaza Drive _____    Phone: 708-628-4949 _____
                 Suite 2410 _____    FAX: 708-628-4950 _____
                 Chicago, IL 60004 _____    Email: dank@hbsslaw.com _____

---

## Acknowledgment of Receipt

As Director of Regulatory Services of the Oregon State Bar, I acknowledge receipt from the above-named out-of-state attorney of the Certificate of Compliance for Pro Hac Vice Admission and attachments, and the $500 fee for pro hac vice appearance in the above-referenced Oregon action or proceeding. The fee is for a period of twelve months from the date of this acknowledgment.

Dated this 26th _____ day of March _____, 20 21 .

☒ **SEE MATERIALS ATTACHED:**
**Note the professional liability coverage deductible substantially exceeds that of the PLF.**

_____
Courtney C. Dippel, *Director of Regulatory Services*

*Oregon State Bar Regulatory Services, PO Box 231935, Tigard, OR 97281-1935*

*Exhibit A*
*Page 129 of 149*

**Exhibit 1**
**Page 1 of 3**

# Certificate of Admission
# To the Bar of Illinois

I, Carolyn Taft Grosboll, Clerk of the Supreme Court of Illinois, do hereby certify that

Daniel John Kurowski

has been duly licensed and admitted to practice as an Attorney and Counselor at Law within this State; has duly taken the required oath to support the CONSTITUTION OF THE UNITED STATES and of the STATE OF ILLINOIS, and also the oath of office prescribed by law, that said name was entered upon the Roll of Attorneys and Counselors in my office on 11/10/2005 and is in good standing, so far as the records of this office disclose.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of said Court, this 9th day of March, 2021.

*Carolyn Taft Grosboll*

Clerk,
Supreme Court of the State of Illinois



HAGEBER-01    **AFLEEGE**

# CERTIFICATE OF LIABILITY INSURANCE

| | |
|---|---|
| | DATE (MM/DD/YYYY) |
| | 3/8/2021 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.  THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT:  If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed.  If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement.  A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER License # 0C36861 ProQuest 200 S Wacker Dr Ste 3030 Chicago, IL 60606 | CONTACT NAME: Angela Fleege | | |
|---|---|---|---|
| | PHONE (A/C, No, Ext): (312) 930-1967 | | FAX (A/C, No): |
| | E-MAIL ADDRESS: angelaf@proquestinsurance.com | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : Endurance American Specialty Insurance Company | | 41718 |
| INSURED Hagens Berman Sobol Shapiro LLP 1918 8th Avenue Ste 3300 Seattle, WA 98101 | INSURER B : | | |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

| COVERAGES | CERTIFICATE NUMBER: | REVISION NUMBER: |
|---|---|---|

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED.  NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | COMMERCIAL GENERAL LIABILITY CLAIMS-MADE   OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY   PRO-JECT   LOC OTHER: | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| | AUTOMOBILE LIABILITY ANY AUTO OWNED AUTOS ONLY   SCHEDULED AUTOS HIRED AUTOS ONLY   NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB   OCCUR EXCESS LIAB   CLAIMS-MADE DED   RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below Y / N  N / A | | | | | | PER STATUTE   OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Prof Liability | | | LPL10007625305 | 8/18/2020 | 8/18/2021 | See Description | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Insurer B: Gotham Insurance Company  Policy No: PL2020LPL90082 NAIC No: 25569
Insurer C: Indian Harbor Insurance Company Policy No: LPN9037451-02 NAIC No: 36940

Limits of Liability in excess of: $10,000,000 per Claim/$10,000,000 Aggregate

Self-Insured Retention: $250,000 per Claim

Claims-made coverage with full prior acts is afforded on a subscription basis by Insurers A-C.

Professional Services rendered by Steve W. Berman, Daniel J. Kurowski, and Whitney K. Siehl on behalf of the Insured are considered for coverage under this policy.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Oregon State Bar Regulatory Services PO Box 231935 Tigard, OR 97281-1935 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. AUTHORIZED REPRESENTATIVE |

ACORD 25 (2016/03)    © 1988-2015 ACORD CORPORATION.  All rights reserved.
The ACORD name and logo are registered marks of ACORD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that I accomplished service of a true and correct copy of **UNOPPOSED MOTION FOR ASSOCIATION OF OUT-OF-STATE COUNSEL (*PRO HAC VICE*)** on the party below on the date and in the manner indicated:

Sarah J. Crooks
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209
*Attorney for Defendants*

☐ Electronic Service to the email address recorded on the date of service in the Court's OJD eFiling system (eServe only)

☒ First-Class U.S. Mail, Postage Prepaid

☐ Hand-Delivery

☐ Fax Service to (503) 727-2222

☒ Courtesy Email to scrooks@perkinscoie.com

DATED:  April 13, 2021

OLSEN BARTON LLC

s/ Paul B. Barton
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Paul B. Barton – Trial Attorney, OSB No. 100502
paul@olsenbarton.com
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: (503) 468-5573 | Fax: (503) 820-2933
*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*

Page 1 – ATTORNEY CERTIFICATE OF SERVICE

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

*Exhibit A*
*Page 132 of 149*

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                         FOR THE COUNTY OF MULTNOMAH

6   DANIELLE PRANGER and GARRETT            Case No. 21CV08719
    HARRIS, individually and on behalf of
7   all others similarly situated,          **ORDER FOR *PRO HAC VICE***
                                            **PURSUANT TO UTCR 3.170**
8                        Plaintiffs,

9

10                  v.

11  OREGON STATE UNIVERSITY, a
    public body of the State of Oregon;
12  F. KING ALEXANDER, in his capacity
    as member of the Board of Trustees;
13  MIKE BAILEY, in his capacity as
    member of the Board of Trustees;
14  PATRICIA M. BEDIENT, in her
    capacity as member of the Board of
15  Trustees; RANI BORKAR, in her
    capacity as member of the Board of
16  Trustees; JULIA BRIM-EDWARDS, in
    her capacity as member of the Board of
17  Trustees; DARALD W. CALLAHAN, in
    his capacity as member of the Board of
18  Trustees; MICHELE LONGO EDER, in
    her capacity as member of the Board of
19  Trustees; LAMAR HURD, in his
    capacity as member of the Board of
20  Trustees; PAUL J. KELLY, JR., in his
    capacity as member of the Board of
21  Trustees; JULIE MANNING, in her
    capacity as member of the Board of
22  Trustees; PRESTON PULLIAMS, in his
    capacity as member of the Board of
23  Trustees; KIRK E. SCHUELER, in his
    capacity as member of the Board of
24  Trustees;

25

26

---

Page 1 – ORDER FOR PRO HAC VICE PURSUANT TO UTCR 3.170

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

1
2
3

STEPHANIE SMITH, in her capacity as
member of the Board of Trustees; AND
MICHAEL G. THORNE, in his capacity
as member of the Board of Trustees.

4

Defendants.

5        THIS MATTER has come before the Court on the Plaintiffs' Motion for Association of

6   Out-of-State Counsel *(Pro Hac Vice)*. The Court has considered the Motion, and the files and

7   records in this case, and is otherwise duly advised. Now, therefore, it is hereby

8        **ORDERED:**

9        1.      The Motion for *Pro Hac Vice* Admission pursuant to UTCR 3.170 listed above is

10  granted. Daniel J. Kurowski is admitted to practice as a lawyer in this proceeding. Paul B. Barton

11  shall be the lawyer of record herein, is responsible for the conduct hereof, and one or both shall

12  be present at all proceedings unless excused by this Court.

13
14
15
16                                              _____

17
18
19  Submitted by:

20  OLSEN BARTON LLC

21

22      s/ Paul B. Barton
        _____
23  Paul B. Barton – Trial Attorney, OSB No. 100502
    paul@olsenbarton.com
24  5 Centerpointe Drive, Suite 220
    Lake Oswego, OR  97035
25  Tel: (503) 468-5573 | Fax: (503) 820-2933
    *Attorneys for Plaintiffs, individually and on behalf*
26  *of all others similarly situated*

Page 2 – ORDER FOR PRO HAC VICE PURSUANT TO UTCR 3.170

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

1

**CERTIFICATE OF READINESS UNDER UTCR 5.100**

2

I certify that this proposed order or judgment is ready for judicial signature because:

3

   1.  [ ] Each party affected by this order or judgment has stipulated to the order or

4

        judgment, as shown by each party's signature on the document being submitted.

5

   2.  [X] Each party affected by this order or judgment has approved the order or

6

        judgment, as shown by each party's signature on the document being submitted

7

        or by written confirmation of approval sent to me.

8

   3.  [ ] I have served a copy of this order or judgment on each party entitled to service and:

9

      a.  [ ] No objection has been served on me.

10

      b.       [ ] I received objections that I could not resolve with a party despite

11

               reasonable efforts to do so.  I have filed a copy of the objections I
received and indicated which objections remain unresolved.

12

      c.       [ ] After conferring about objections, agreed to independently file any
remaining objection.

13

   4.  [ ] Service is not required pursuant to subsection (3) of UTCR 5.100, or by statute,

14

        rule, or otherwise.

15

   5.  [ ] This is a proposed judgment that includes an award of punitive damages and

16

        notice has been served on the Director of the Crime Victims' Assistance Section

17

        as required by subsection (5) of UTCR 5.100.

18

   6.  [ ] Other: _____.

19

Dated:  April 2, 2021

20

                    OLSEN BARTON LLC

21

22

                    ___s/ Paul B. Barton_____

23

                    Paul B. Barton – Trial Attorney, OSB No. 100502
paul@olsenbarton.com

24

                    5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035

25

                    Tel: (503) 468-5573 | Fax: (503) 820-2933
*Attorneys for Plaintiffs, individually and on behalf*

26

                    *of all others similarly situated*

---

Page 1 – CERTIFICATE OF READINESS UNDER UTCR 5.100

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that I accomplished service of a true and correct copy of **ORDER FOR PRO HAC VICE PURSUANT TO UTCR 3.170** on the party below on the date and in the manner indicated:

Sarah J. Crooks
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209
*Attorney for Defendants*

☐ Electronic Service to the email address recorded on the date of service in the Court's OJD eFiling system (eServe only)
☒ First-Class U.S. Mail, Postage Prepaid
☐ Hand-Delivery
☐ Fax Service to (503) 727-2222
☒ Courtesy Email to scrooks@perkinscoie.com

DATED:  April 13, 2021

OLSEN BARTON LLC


   s/ Paul B. Barton
Paul B. Barton – Trial Attorney, OSB No. 100502
paul@olsenbarton.com
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: (503) 468-5573 | Fax: (503) 820-2933
*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*

---

Page 1 – ATTORNEY CERTIFICATE OF SERVICE

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

*Exhibit A*
*Page 136 of 149*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| DANIELLE PRANGER and GARRETT HARRIS, individually and on behalf of all others similarly situated, | Case No. 21CV08719 |
| Plaintiffs, | **UNOPPOSED MOTION FOR ASSOCIATION OF OUT-OF-STATE COUNSEL (*PRO HAC VICE*)** |
| v. | |
| OREGON STATE UNIVERSITY, a public body of the State of Oregon; F. KING ALEXANDER, in his capacity as member of the Board of Trustees; MIKE BAILEY, in his capacity as member of the Board of Trustees; PATRICIA M. BEDIENT, in her capacity as member of the Board of Trustees; RANI BORKAR, in her capacity as member of the Board of Trustees; JULIA BRIM-EDWARDS, in her capacity as member of the Board of Trustees; DARALD W. CALLAHAN, in his capacity as member of the Board of Trustees; MICHELE LONGO EDER, in her capacity as member of the Board of Trustees; LAMAR HURD, in his capacity as member of the Board of Trustees; PAUL J. KELLY, JR., in his capacity as member of the Board of Trustees; JULIE MANNING, in her capacity as member of the Board of Trustees; PRESTON PULLIAMS, in his capacity as member of the Board of Trustees; KIRK E. SCHUELER, in his capacity as member of the Board of Trustees;  STEPHANIE SMITH, in her capacity as member of the Board of Trustees; AND MICHAEL G. THORNE, in his capacity as member of the Board of Trustees. | |
| Defendants. | |

Page 1 – UNOPPOSED MOTION FOR ASSOCIATION OF OUT-OF-STATE COUNSEL (*PRO HAC VICE*)

1  The Moving Party moves for association of out-of-state counsel (*pro hac vice*) of

2  Edward W. Ciolko for the purpose of appearing as an attorney for Plaintiffs Danielle Pranger and

3  Garrett Harris ("Plaintiffs").

4  1.

5  This case is a civil litigation matter which was filed in Multnomah County Circuit Court

6  on March 5, 2021.

7  2.

8  The Moving Party requests the admission of Edward W. Ciolko for the purpose of

9  appearing as an attorney for Plaintiffs in these proceedings. The Motion is based on UTCR 3.170

10  and the certification of the applicant, below. The Oregon State Bar Association issued the

11  Certification of Compliance, which is attached hereto as Exhibit 1.

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

Page 2 – UNOPPOSED MOTION FOR ASSOCIATION OF OUT-OF-STATE COUNSEL
       (*PRO HAC VICE*)

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

1    WHEREAS, Plaintiffs respectfully request the Court to grant this motion and enter an

2  order granting the Motion for *Pro Hac Vice* Admission.

3    DATED, April 16, 2021,

4

5                    OLSEN BARTON LLC

6

7                    _____s/ Paul B. Barton_____
                   Paul B. Barton – Trial Attorney, OSB No. 100502
8                   paul@olsenbarton.com
                   5 Centerpointe Drive, Suite 220
9                   Lake Oswego, OR  97035
                   Tel: (503) 468-5573 | Fax: (503) 820-2933
10                  *Attorneys for Plaintiffs, individually and on behalf of all*
                   *others similarly situated*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 – UNOPPOSED MOTION FOR ASSOCIATION OF OUT-OF-STATE COUNSEL
       (*PRO HAC VICE*)

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

*Exhibit A*
*Page 139 of 149*

**CERTIFICATION OF APPLICANT FOR ADMISSION**

I hereby certify under penalty of perjury under the laws of the State of Oregon that:

1.      I am a member in good standing of the bar of the District of Columbia.

2.      I maintain a law practice in that jurisdiction of primary practice and am a resident of Pennsylvania.

3.      I am associating with Paul B. Barton, an active member in good standing of the Oregon State Bar, who will participate meaningfully in this matter.

4.      I am not subject to pending disciplinary proceedings in any other jurisdiction.

5.      I will comply with applicable statutes, law, and procedural rules of the state of Oregon; be familiar with and comply with the disciplinary rules of the Oregon State Bar; and submit to the jurisdiction of the Oregon courts and the Oregon State Bar with respect to acts and omissions occurring during my admission under this rule.

6.      I have complied with all of the requirements of UTCR 3.170.

7.      I agree, as a continuing obligation under this rule, to notify the trial court or administrative body promptly of any changes in the out-of-state attorney's insurance or status.

8.      I have read the foregoing motion and certification and the statements contained in it are full, true and correct.

Dated this 7th day of April, 2021 at Pittsburgh, Pennsylvania.


Edward W. Ciolko

Page 1 – CERTIFICATION OF APPLICANT FOR ADMISSION

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

# EXHIBIT 1

)

**In re:** Edward W. Ciolko

**Name of Out-of-State Attorney**

)
)
)

**Certificate of Compliance**
**For *Pro Hac Vice* Admission**

I, Edward W. Ciolko _____ (print name), am an attorney in the State of District of Columbia and I intend to seek *pro hac vice* admission in accordance with ORS 9.241 and UTCR 3.170 in the following Oregon court action or proceeding:

**Case Name:** Pranger, et al v. Oregon State University, et al

**Court:** Circuit Court of the State of Oregon, County of Multnomah   **Case No.:** 21CV08719

I certify that (check all that apply):

☑ I am an attorney in good standing in the State of District of Columbia, as evidenced by the attached good standing certificate issued by the licensing authority in that state.
  ☑ I am not subject to any pending disciplinary proceedings in any jurisdiction; **or**
  ☐ I am subject to pending disciplinary proceedings in another jurisdiction, the nature and status of which are described in an attachment to this certificate.
☑ I intend to associate in the above-referenced action or proceeding with Paul B. Barton, OSB No. 100502, an active member in good standing of the Oregon State Bar, who will participate meaningfully in the matter.
☑ I will comply with applicable statutes, laws, and procedural rules of the State of Oregon; be familiar with and comply with disciplinary rules of the Oregon State Bar; and submit to the jurisdiction of the Oregon courts and Oregon State Bar with respect to acts and omissions occurring during my *pro hac vice* admission.
☑ My private law practice activities in Oregon are covered by professional liability insurance substantially equivalent to the Oregon State Bar Professional Liability Fund plan, as evidenced by the attached certificate of insurance coverage.
☑ I agree, as a continuing obligation of *pro hac vice* admission, to notify the trial court promptly of any changes in my insurance coverage, or my admission or disciplinary status in any other jurisdiction.
☑ I will provide to the Oregon State Bar a copy of the order admitting me *pro hac vice* in the above-referenced matter when such an order is granted. In the event *pro hac vice* admission is revoked for any reason, I will promptly notify the Oregon State Bar.
☑ I submit $500 to the Oregon State Bar as payment of the *pro hac vice* fee established by ORS 9.241 and the rules of the Oregon Supreme Court. I acknowledge that this fee is for a period of twelve months from the date of the Acknowledgment of Receipt issued below, and that an additional fee of $500 will be required in order for me to continue my *pro hac vice* admission in the matter for every twelve-month period thereafter.

Dated this 7th day of April, 20 21.

X _____
(Applicant Signature)

District of Columbia   Bar No.: 985110
(Home Jurisdiction)

Mailing Address: CARLSON LYNCH LLP
                 1133 Penn Avenue, 5th Floor
                 Pittsburgh, PA 15222

Phone: (412) 322-9243
FAX:   (412) 231-0246
Email: eciolko@carlsonlynch.com

---

## Acknowledgment of Receipt

As Director of Regulatory Services of the Oregon State Bar, I acknowledge receipt from the above-named out-of-state attorney of the Certificate of Compliance for Pro Hac Vice Admission and attachments, and the $500 fee for pro hac vice appearance in the above-referenced Oregon action or proceeding. The fee is for a period of twelve months from the date of this acknowledgment.

Dated this 9th day of April, 20 21.

☒ **SEE MATERIALS ATTACHED:**
**Note the professional liability**
**coverage deductible substantially**
**exceeds that of the PLF.**

Troy Wood, *Regulatory Counsel*

*Oregon State Bar Regulatory Services, PO Box 231935, Tigard, OR 97281-1835*

*Exhibit A*
*Page 142 of 149*

**Exhibit 1**
**Page 1 of 3**



On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals,
the District of Columbia Bar does hereby certify that

*Edward W Ciolko*

was duly qualified and admitted on December 8, 2008 as an attorney and counselor entitled to
practice before this Court; and is, on the date indicated below, a(n)
ACTIVE member in good standing of this Bar.

**In Testimony Whereof,
I have hereunto subscribed my
name and affixed the seal of this
Court at the City of
Washington, D.C., on March
10, 2021.**

**JULIO A. CASTILLO
Clerk of the Court**

Issued By:
District of Columbia Bar Membership

For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email
memberservices@dcbar.org.

*Exhibit A*
*Page 143 of 149*

**Exhibit 1**
**Page 2 of 3**

| ACORD® | CERTIFICATE OF LIABILITY INSURANCE | CARLS-3 | OP ID: SS |
|---|---|---|---|
| | | | DATE (MM/DD/YYYY) 04/06/2021 |

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER 813-251-2580 Shea Barclay (Tampa) Mike Shea 501 E. Kennedy Blvd, #1000 Tampa, FL 33602 Jack Compton | CONTACT NAME: Jack Compton |
|---|---|
| | PHONE (A/C, No, Ext): 813-251-2580 | FAX (A/C, No): 813-251-2585 |
| | E-MAIL ADDRESS: |
| | INSURER(S) AFFORDING COVERAGE | NAIC # |
| | INSURER A : Allied World Assurance Co |
| INSURED Carlson Lynch, LLP Elaine McFarland 36 N Jefferson St, PO Box 7635 New Castle, PA 16107 | INSURER B : |
| | INSURER C : |
| | INSURER D : |
| | INSURER E : |
| | INSURER F : |

**COVERAGES**    **CERTIFICATE NUMBER:**    **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | COMMERCIAL GENERAL LIABILITY | | | | | | EACH OCCURRENCE | $ |
| | ☐ CLAIMS-MADE ☐ OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ |
| | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | OTHER: | | | | | | | $ |
| | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | Y/N N/A | | | | | ☐ PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Prof Liab Deductible | | | 0309-6209 $15,000 PER CLAIM | 06/01/2020 | 06/01/2021 | Per Claim Aggregate | 3,000,000 3,000,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| CERTIFICATE HOLDER | PROOFOF | CANCELLATION |
|---|---|---|
| Proof Of Insurance | | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | | AUTHORIZED REPRESENTATIVE |

ACORD 25 (2016/03)    © 1988-2015 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

Exhibit A

Exhibit 1
Page 3 of 3

1

**ATTORNEY CERTIFICATE OF SERVICE**

2

I hereby certify that I accomplished service of a true and correct copy of **UNOPPOSED**

3

**MOTION FOR ASSOCIATION OF OUT-OF-STATE COUNSEL (*PRO HAC VICE*)** on

4

the party below on the date and in the manner indicated:

5
6
7
8

Sarah J. Crooks
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209
*Attorney for Defendants*

☐ Electronic Service to the email address
recorded on the date of service in the
Court's OJD eFiling system (eServe
only)
☒ First-Class U.S. Mail, Postage Prepaid
☐ Hand-Delivery

9
10

☐ Fax Service to (503) 727-2222
☒ Courtesy Email to
scrooks@perkinscoie.com

11
12
13

DATED:  April 16, 2021

14

OLSEN BARTON LLC

15
16

    s/ Paul B. Barton
Paul B. Barton – Trial Attorney, OSB No. 100502

17

paul@olsenbarton.com

18

5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035

19

Tel: (503) 468-5573 | Fax: (503) 820-2933
*Attorneys for Plaintiffs, individually and on behalf*

20

*of all others similarly situated*

21
22
23
24
25
26

Page 1 – ATTORNEY CERTIFICATE OF SERVICE

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR THE COUNTY OF MULTNOMAH

6   DANIELLE PRANGER and GARRETT         Case No. 21CV08719
    HARRIS, individually and on behalf of all
7   others similarly situated,            **ORDER FOR *PRO HAC VICE***
                                          **PURSUANT TO UTCR 3.170**
8                    Plaintiffs,

9           v.

10  OREGON STATE UNIVERSITY, a public
    body of the State of Oregon; F. KING
11  ALEXANDER, in his capacity as member
    of the Board of Trustees; MIKE BAILEY,
12  in his capacity as member of the Board of
    Trustees; PATRICIA M. BEDIENT, in her
13  capacity as member of the Board of
    Trustees; RANI BORKAR, in her capacity
14  as member of the Board of Trustees; JULIA
    BRIM-EDWARDS, in her capacity as
15  member of the Board of Trustees;
    DARALD W. CALLAHAN, in his capacity
16  as member of the Board of Trustees;
    MICHELE LONGO EDER, in her capacity
17  as member of the Board of Trustees;
    LAMAR HURD, in his capacity as member
18  of the Board of Trustees; PAUL J. KELLY,
    JR., in his capacity as member of the Board
19  of Trustees; JULIE MANNING, in her
    capacity as member of the Board of
20  Trustees; PRESTON PULLIAMS, in his
    capacity as member of the Board of
21  Trustees; KIRK E. SCHUELER, in his
    capacity as member of the Board of
22  Trustees; STEPHANIE SMITH, in her
    capacity as member of the Board of
23  Trustees; AND MICHAEL G. THORNE, in
    his capacity as member of the Board of
24  Trustees.
                     Defendants.
25

26

---

Page 1 –ORDER FOR *PRO HAC VICE* PURSUANT TO UTCR 3.170

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

THIS MATTER has come before the Court on the Plaintiffs' Motion for Association of Out-of-State Counsel *(Pro Hac Vice).* The Court has considered the Motion, and the files and records in this case, and is otherwise duly advised. Now, therefore, it is hereby

**ORDERED:**

1.      The Motion for *Pro Hac Vice* Admission pursuant to UTCR 3.170 listed above is granted.  Edward W. Ciolko is admitted to practice as a lawyer in this proceeding. Paul B. Barton shall be the lawyer of record herein, is responsible for the conduct hereof, and one or both shall be present at all proceedings unless excused by this Court.

_____

Submitted by:

OLSEN BARTON LLC

___s/ Paul B. Barton_____
Paul B. Barton – Trial Attorney, OSB No. 100502
paul@olsenbarton.com
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: (503) 468-5573 | Fax: (503) 820-2933
*Attorneys for Plaintiffs, individually and on behalf
of all others similarly situated*

Page 2 –ORDER FOR *PRO HAC VICE* PURSUANT TO UTCR 3.170

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

*Exhibit A*
*Page* 147 *of* 149

1

## CERTIFICATE OF READINESS UNDER UTCR 5.100

2    I certify that this proposed order or judgment is ready for judicial signature because:

3    1.   [ ] Each party affected by this order or judgment has stipulated to the order or

4         judgment, as shown by each party's signature on the document being submitted.

5    2.   [X] Each party affected by this order or judgment has approved the order or

6         judgment, as shown by each party's signature on the document being submitted

7         or by written confirmation of approval sent to me.

8    3.   [ ] I have served a copy of this order or judgment on each party entitled to service and:

9         a.   [ ] No objection has been served on me.

10        b.        [ ] I received objections that I could not resolve with a party despite
               reasonable efforts to do so.  I have filed a copy of the objections I
11             received and indicated which objections remain unresolved.

12        c.        [ ] After conferring about objections, agreed to independently file any
               remaining objection.
13

14   4.   [ ] Service is not required pursuant to subsection (3) of UTCR 5.100, or by statute,

15        rule, or otherwise.

16   5.   [ ] This is a proposed judgment that includes an award of punitive damages and

17        notice has been served on the Director of the Crime Victims' Assistance Section

18        as required by subsection (5) of UTCR 5.100.

19   6.   [ ] Other: _____.

20   Dated:  April 16, 2021

21                          OLSEN BARTON LLC

22
                              s/ Paul B. Barton
23                          _____
                          Paul B. Barton – Trial Attorney, OSB No. 100502
24                        paul@olsenbarton.com
                          5 Centerpointe Drive, Suite 220
25                        Lake Oswego, OR  97035
                          Tel: (503) 468-5573 | Fax: (503) 820-2933
26                        *Attorneys for Plaintiffs, individually and on behalf*
                          *of all others similarly situated*

Page 1 – CERTIFICATE OF READINESS UNDER UTCR 5.100

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR  97035
Tel: 503-468-5573 | Fax: 503-820-2933

*Exhibit A*
*Page 148 of 149*

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that I accomplished service of a true and correct copy of **ORDER FOR PRO HAC VICE PURSUANT TO UTCR 3.170** on the party below on the date and in the manner indicated:

Sarah J. Crooks
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209
*Attorney for Defendants*

☐ Electronic Service to the email address recorded on the date of service in the Court's OJD eFiling system (eServe only)
☒ First-Class U.S. Mail, Postage Prepaid
☐ Hand-Delivery
☐ Fax Service to (503) 727-2222
☒ Courtesy Email to scrooks@perkinscoie.com

DATED: April 16, 2021

OLSEN BARTON LLC

_____s/ Paul B. Barton_____
Paul B. Barton – Trial Attorney, OSB No. 100502
paul@olsenbarton.com
5 Centerpointe Drive, Suite 220
Lake Oswego, OR 97035
Tel: (503) 468-5573 | Fax: (503) 820-2933
*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*

Page 1 – ATTORNEY CERTIFICATE OF SERVICE

**Olsen Barton LLC**
5 Centerpointe Drive, Suite 220
Lake Oswego, OR 97035
Tel: 503-468-5573 | Fax: 503-820-2933

*Exhibit A*
*Page 149 of 149*