IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DANIELLE PRANGER and GARRETT
HARRIS, individually and on behalf of
all others similarly situated,

               Plaintiffs,

     v.

OREGON STATE UNIVERSITY, a public
body of the State of Oregon,

               Defendant.

No. 3:21-cv-00656-HZ

OPINION & ORDER

Alexander Graven
Neil N. Olsen
Paul B. Barton
Olsen Barton LLC
5 Centerpointe Drive, Suite 220
Lake Oswego, OR 97035

Daniel Kurowski
Hagens Berman Sobol Shapiro LLP
455 N. Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611

Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 2nd Ave., Suite 2000
Seattle, WA 98101

Jae Kook Kim
Lynch Carpenter, LLP
117 E. Colorado Blvd. Suite 600
Pasadena, CA 91105

       Attorneys for Plaintiffs

Gregory J. Mina
Sarah J. Crooks
Stephen F. English
Alex Van Rysselberghe
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128

       Attorneys for Defendant

HERNÁNDEZ, District Judge:

       Plaintiffs Danielle Pranger and Garrett Harris, students at Oregon State University ("OSU") during the Winter, Spring, and Fall 2020 quarters, brought this class action lawsuit on behalf of all similarly situated students. Plaintiffs allege that Defendant OSU breached contracts with them and similarly situated students by refusing to refund or reimburse them the tuition and fees they paid for on-campus instruction after OSU closed on-campus services and facilities and provided only online classes in response to the COVID-19 pandemic. On January 25, 2022, the Court issued an Opinion and Order denying in part and granting in part Defendants' motion to dismiss. ECF 27. Now before the Court are Defendant OSU's Motion for Reconsideration and Motion to Certify a Question to the Oregon Supreme Court. ECF 31; ECF 32. The Court denies both motions.

**BACKGROUND**

The relevant facts are described in the Court's Opinion and Order on Defendant's motion to dismiss. *Pranger v. Oregon State Univ.*, No. 3:21-cv-00656-HZ, 2022 WL 214629, at *1-2 (D. Or. Jan. 25, 2022). Plaintiffs filed a Class Action Complaint in Multnomah County Circuit court on March 5, 2021, bringing four state-law claims and two federal law claims under 42 U.S.C. § 1983 against Defendant OSU and several individual OSU Board of Trustee members in their official capacities. Compl., ECF 1-1. Defendants removed the case to this Court on April 30, 2021, asserting federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367(a).

During the conferral process before Defendants filed their motion to dismiss, Plaintiffs voluntarily dismissed both federal claims and one state-law claim. The Court then granted Defendants' motion to dismiss Plaintiff's state-law claim for unjust enrichment, thus dismissing all of the individual Defendants from the case. The sole remaining claims are state-law claims for breach of contract and breach of implied contract against Defendant OSU.

**DISCUSSION**

**I.    Subject Matter Jurisdiction**

The Court asked the parties to brief the issue of whether it should exercise supplemental jurisdiction over the remaining state-law claims after Plaintiffs voluntarily dismissed all federal claims. Both Defendant OSU and the named Plaintiffs are citizens of Oregon, so complete diversity is absent and the Court lacks jurisdiction under 28 U.S.C. § 1332. At the time Defendants removed the case, the Court had original jurisdiction over the federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state-law claims. But as here, when a plaintiff has voluntarily dismissed all federal claims which gave rise

to the district court's original jurisdiction, the court "ordinarily should remand the supplemental claims to the state court or order those claims dismissed without prejudice, although it has discretion to retain and adjudicate them." 7C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3739.1 (4th ed. 2022).

Plaintiff argues that the Court should retain jurisdiction and continue to adjudicate the state-law claims because: (1) the relevant factors weight in favor of the Court exercising supplemental jurisdiction; and (2) the Court has original jurisdiction over the state-law claims under the Class Action Fairness Act of 2005 ("CAFA"). Defendant asserts that the relevant factors favor the Court declining to exercise supplemental jurisdiction and the Court lacks jurisdiction under CAFA.

### A.    Supplemental Jurisdiction

Because Plaintiff voluntarily dismissed all federal claims, the Court must decide whether to continue to retain supplemental jurisdiction over the state-law claims. A district court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When all federal law claims have been eliminated, a court must weigh the "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Typically, where federal claims have dropped out in the early stages, these factors "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.*; *see also Wallace v. Smith & Smith Constr., Inc.*, 65 F. Supp. 2d 1121, 1123 (D. Or. 1999) ("There is a strong preference in the Ninth Circuit for declining to exercise supplemental jurisdiction once the federal claim is dismissed.")

But the Supreme Court has made clear that no mandatory rule prohibits a district court from retaining supplemental jurisdiction in this situation. *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7. "[T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* at 350. Although in the usual case, a federal district court will dismiss or remand state-law claims after all federal claims have been dismissed, "the district court, of course, has the *discretion to determine* whether *its* investment of judicial energy justifies retention of jurisdiction." *Schneider v. TRW, Inc.,* 938 F.2d 986, 995 (9th Cir. 1991). In the interest of judicial economy, convenience, fairness, and comity, dismissal of federal claims "usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Carnegie-Mellon Univ.*, 484 U.S. at 350 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

Here, some factors weigh in favor of remand. As Defendant notes, both named Plaintiffs and the sole Defendant are Oregon citizens, so Oregon state court would be a convenient forum. Discovery has not yet begun, and the case is still relatively early in the proceedings. Nevertheless, the Court and the parties have already invested significant time and energy in this litigation. The case has been pending in federal court for more than twenty months. The Court is very familiar with the factual and legal issues and has already issued an Opinion and Order on Defendant's motion to dismiss. *See Pranger*, 2022 WL 214629. Defendant asserts that the litigation involves a novel question of state law—namely, whether the  educational malpractice doctrine applies to Plaintiffs' breach of contract claim. *See* III.A., *infra*. But the Court's issued

Opinion already answers this question. *Pranger*, 2022 WL 214629, at *3-5. The Court finds no substantial reason why it should not continue to adjudicate Plaintiffs' state-law claims.

Thus, even though Defendant's basis for removal and the Court's original basis for subject matter jurisdiction over the case are no longer present, the Court exercises its discretion to retain supplemental jurisdiction over the state-law claims.

### B.    CAFA

CAFA is a jurisdictional statute that "expand[s] federal jurisdiction over interstate class action lawsuits of national interest." *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 804 (5th Cir. 2007). Plaintiffs assert that CAFA provides an independent basis for the Court's original jurisdiction over this class action suit. In the typical case, a class action defendant invokes CAFA to remove a case to federal court when complete diversity is absent. Notably, Defendant removed the case based on federal question jurisdiction without mention of CAFA and no previous facts or arguments have been presented to demonstrate federal subject matter jurisdiction based on CAFA. In their briefing, Plaintiffs rather than Defendant assert that the Court has original jurisdiction over the state-law claims under CAFA.

The party seeking to invoke jurisdiction under CAFA must "prove minimal diversity and an aggregated amount in controversy of $5,000,000 or more." *Id.* (citing 28 U.S.C. §1332(d)). Under CAFA, minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff adequately alleges that the proposed class includes out-of-state students enrolled at OSU during the relevant time period. Because Defendant is a citizen of Oregon and at least some members of the proposed class are not Oregon citizens, CAFA's minimal diversity requirement is met. In addition, based on the number of similarly situated students enrolled at OSU during the relevant period and Plaintiffs'

asserted damages seeking pro-rated tuition and fee refunds, Plaintiffs have alleged an amount in controversy exceeding $5 million.

But even where there is minimal diversity and the amount in controversy is satisfied, CAFA contains certain mandatory exceptions that divest the federal court of jurisdiction. *See* 28 U.S.C. § 1332(d)(4)-(5). CAFA does not apply when the "the primary defendants are States, State Officials, or other governmental entities against whom the district *court may be foreclosed from granting relief*." 28 U.S.C. § 1332(d)(5)(A) (emphasis added). Defendant argues that the Court lacks CAFA jurisdiction because Plaintiffs assert claims against a state entity.

Although OSU is an arm of the state entitled to sovereign immunity, the Court is not foreclosed from granting relief in this case because Defendant has waived sovereign immunity. The Court may grant relief against Defendant in this case because: (1) the state's statutory waiver of sovereign immunity for breach of contract claims under Oregon Revised Statute § ("O.R.S.") 30.320 applies in federal court; and (2) Defendant waived sovereign immunity when it removed the case. *See Walden v. Nevada*, 945 F.3d 1088, 1093 (9th Cir. 2019) (citing *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002) ("[A] State that statutorily waives its immunity from suit on state-law claims in state court also waives its Eleventh Amendment immunity from suit on the same state-law claims when it voluntarily removes a state-law-claim case to federal court."); *see also Embury v. King*, 361 F.3d 562, 565 (9th Cir. 2004) (citing *Estes v. Wyo. Dep't of Transp.*, 302 F.3d 1200, 1204-06 (10th Cir. 2002) ("When a state removes a case that includes both state law and federal claims to federal court, it waives Eleventh Amendment immunity for both classes of claims[.]"). Because Defendant has waived sovereign immunity, the Court is not foreclosed from granting the relief Plaintiffs seeks.

Thus, even though Defendant is a state entity, the exception to CAFA jurisdiction under 28 U.S.C. § 1332(d)(5)(A) does not apply.[1]

Defendant next argues that the Court should decline to exercise jurisdiction under CAFA's discretionary exception. When the "primary defendants" and greater than one-third of the proposed plaintiff class are citizens of the state in which the action was filed, a federal court may "in the interests of justice and looking at the totality of circumstances, decline to exercise jurisdiction." 28 U.S.C. § 1332(d)(3). In exercising its discretion, a court should consider certain enumerated factors, including "whether the claims asserted involve matters of national or interstate interest"; "whether the claims will be governed by the laws of the State in which the action was originally filed"; "whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants"; and whether, in the proposed class, the number of citizens of the state in which the action was brought is "substantially larger than the number of citizens from any other State" and those other state citizens are dispersed among a substantial number of states. 28 U.S.C. § 1332(d)(3)(A)-(B), (D)-(E).

The Court finds that these factors weigh in favor of declining jurisdiction under CAFA. The breach of contract claims in this case primarily involve a matter of state interest, are governed by state law, and involve claims with a distinct nexus between the alleged harm and actions by the state Defendant. The proportion of putative class members who are Oregon residents far exceeds the putative class members from any other state. CAFA therefore does not provide a basis for the Court to exercise original jurisdiction in this case.

_____

[1] CAFA's other mandatory exception under 28 U.S.C. § 1332(d)(4) does not apply because, as alleged, fewer than two-thirds of the proposed plaintiff class are Oregon citizens. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(I); 28 U.S.C. §1332(d)(4)(b). Plaintiff asserts that 55% of students enrolled at OSU during the Winter 2020 quarter were residents of Oregon. Pl. Brief Concerning Subject Matter Jurisdiction 6, ECF 48.

Although the factors under 28 U.S.C. § 1332(d)(3) weigh against original jurisdiction based on CAFA, the Court had original jurisdiction over this case at the time of removal under 28 U.S.C. § 1331 federal question jurisdiction. In the interest of fairness and justice and because of the significant amount of time the case has been pending, the Court exercises its discretion to retain supplement jurisdiction under 28 U.S.C. § 1367(a) over this case and the state-law breach of contract claims.

## II.    Motion to Reconsider

Defendant moves under Federal of Civil Procedure 60(b) for reconsideration of the Court's Opinion and Order denying Defendant's motion to dismiss Plaintiff's breach of contract claims. Rule 60(b) provides that courts may vacate a judgment or order for, among other reasons, "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud [], misrepresentation, or misconduct by an opposing party[.]" A district court may grant a motion to reconsider if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Sch. Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Defendant contends that in denying its motion to dismiss Plaintiffs' contract claims, the Court overlooked a dispositive issue. According to Defendant, the Court failed to consider whether any alleged contracts to provide Plaintiffs in-person classes necessarily terminated due to impossibility when the Oregon governor, in response to the COVID-19 pandemic, issued an executive order prohibiting in-person instruction. Defendant did not assert impossibility and termination of the contracts at issue in its motion to dismiss. Rather, Defendant makes a cursory argument that the contracts terminated for the first time in its reply brief. *See* Def. Reply Mot. Dismiss 10, ECF 22 ("[B]y conceding (1) OSU could not perform its part of the purported

contract (to hold classes in person or provide partial refunds), because of (2) the supervening change in circumstances caused by COVID-19, then (3) Plaintiff have also conceded, as a legal matter, that the change terminated any purported agreement."). Defendant asserts that it waited until the reply brief to make this argument because Plaintiff first conceded impossibility in its brief in response to the motion to dismiss.

Defendant's argument is unavailing. Nothing prevented Defendant making an impossibility to perform argument in its motion to dismiss. Defendant cannot raise new arguments in a reply brief.[2] *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992). Nor can Defendant ask for reconsideration of the Court's opinion based on a legal theory it did not raise in its motion to dismiss. *See Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc*., 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted) ("Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time."). Even if Defendant could raise an impossibility defense here, that argument would not be dispositive of Plaintiffs' claims. Even assuming Plaintiffs had de facto entered into new contracts with Defendants because the original contracts were voided by impossibility, the Court would need to analyze facts to determine the terms of the new contract and whether Defendant breached those terms. Such analysis is inappropriate on a motion to dismiss. Accordingly, the Court denies Defendant's Rule 60(b) motion to reconsider its Opinion denying Defendant's motion to dismiss Plaintiffs' breach of contract claims.

---

[2] Defendant asserts that this rule does not apply because Plaintiffs raised the issue for the first time in their opposition brief to Defendant's motion to dismiss. *See Sharemaster v. U.S. Sec. & Exch. Comm'n*, 847 F.3d 1059, 1070 (9th Cir. 2017). But Plaintiffs did not introduce impossibility to perform on the contract as a legal issue in their opposition brief. And even if Plaintiffs had raised the issue, Defendant cannot show good cause or manifest injustice as required for the Court to have considered its argument first raised in its reply brief. *See id.*

### III.    Motion to Certify Question or Interlocutory Appeal

Defendant moves the Court to certify the following question to the Oregon Supreme Court: *Does the educational malpractice doctrine bar a student's breach of contract claim alleging a university breached a promise of in-person instruction and seeking damages equal to the alleged difference in value between in-person instruction and remote instruction?*

The Court addressed this question its Opinion & Order denying Defendant's motion to dismiss Plaintiffs' breach of contract claims and answered it in the negative. *See Pranger*, 2022 WL 214629, at *4-5. Defendant alternatively moves the Court to certify this issue for interlocutory review by the Ninth Circuit under 28 U.S.C. § 1292(b). In disagreeing with this Court's interpretation of Oregon law regarding the educational malpractice doctrine, Defendant asserts that "this Court's disposition . . . implicates and turns on unsettled questions of Oregon law[.]" Def. Mot. to Certify Question 3, ECF 32. The Court disagrees.

### A.    Certification to the Oregon Supreme Court

Certification of questions to the Oregon Supreme Court are governed by O.R.S. 28.200, *et seq*. Under that statute, the Oregon Supreme Court may answer questions of law certified to it by a United States District Court "if there are involved in any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate court of this state." O.R.S. 28.200.

"The decision to certify a question to a state supreme court rests in the 'sound discretion' of the district court." *Foraker v. USAA Cas. Ins. Co.*, No. 3:14-cv-87-SI, 2019 WL 486177, at *1 (D. Or. Feb. 7, 2019). Before a district court can utilize its discretion to certify a question to the Oregon Supreme Court, the proposed question:

must meet five criteria created by [O.R.S. 28.200]: (1) The certification must come from a designated court; (2) the question must be one of law; (3) the applicable law must be Oregon law; (4) the question must be one that may be determinative of the cause; and (5) it must appear to the certifying court that there is no controlling precedent in the decisions of [the Oregon Supreme Court] or the Oregon Court of Appeals.

*W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364, 811 P.2d 627, 630 (1991). The first four elements can be determined objectively by the certifying court. *Id.* at 366. The certifying court determines the fifth element subjectively. *Id.* In other words, to meet the fifth element, the certifying court must determine for itself whether the question of law proposed to be certified is "already controlled by existing Oregon appellate precedent." *Id.*

The Court first notes that it qualifies as a designated court and Defendant's proposed question is one under Oregon law, the answer to which may determine the outcome of Plaintiff's claims. But the Court finds that the proposed question is not a pure question of law. As the Court noted, contract-based claims typically do not implicate the educational malpractice doctrine unless a court must scrutinize the institution's or the faculty's discretionary academic decision-making. *Pranger*, 2022 WL 214629, at *3 (citing *Gallagher v. Capella Educ. Co.*, No. 3:19-cv-01342-JR, 2019 WL 8333532, at *4 (D. Or. Dec. 23, 2019), *report and recommendation adopted*, 2020 WL 1550729 (D. Or. Apr. 1, 2020)). Whether any academic discretion was involved in Defendant's change from in-person to online instruction is a question of disputed fact. Thus, the question posed to the Oregon Supreme Court by Defendant is not a pure question of law. *See W. Helicopter Servs., 311 Or. at 364* ("Certification . . . is not appropriate if disputed facts make questions of law unclear.").

In addition, the fifth element required for certification is not met. The Court has already determined that under controlling precedent, the educational malpractice doctrine does not apply to Plaintiffs' claims. Although Defendant disagrees with the outcome, Defendant's objections by

themselves do not establish a reason for the Oregon Supreme Court to review this Court's holding. *See Foraker*, 2019 WL 486177, at *3 (denying certification because "the Court has already explained why Plaintiff's theory is unreasonable and unsupported under Oregon law").

Lastly, even if the statutory requirements were met, under the Court's discretion, it declines to certify Defendant's proposed question to the Oregon Supreme Court. "Even where state law is unclear, resort to the certification process is not obligatory." *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). Certification to a state supreme court may be appropriate where it "save[s] time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Another purpose of certification is to provide the certifying court with the benefit of the state supreme court's determination of state law. *Foraker*, 2019 WL 486177, at *2 "Where that benefit is not needed or necessary, however, certification is not appropriate." *Id.*

The Court has already determined the answer to Defendant's question and finds that the answer is clear under Oregon law. Thus, the Court finds no benefit in waiting for the Oregon Supreme Court to make what would most likely be the same determination. Given the ongoing delay certification would cause in this already protracted case, the Court declines to certify Defendant's question to the Oregon Supreme Court.

### B. Interlocutory Appeal under 28 U.S.C. § 1292(b)

In the alternative to its motion to certify a question to the Oregon Supreme Court, Defendant moves this Court to grant certification for interlocutory review by the Ninth Circuit. A district court, in its discretion, may certify appeal of a non-dispositive order under 28 U.S.C. § 1292(b) if (1) the order involves a "controlling question of law"; (2) there is "substantial ground for difference of opinion as to that question"; and (3) "an immediate resolution of that

question may materially advance the ultimate termination of the litigation." *ICTSI Oregon, Inc. v. Int'l Longshore and Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (citation and brackets omitted).

To satisfy the first prong for interlocutory appeal, the question "must be one of law—not fact[.]" *Id.* (citation omitted). Defendant seeks interlocutory appeal on the Court's denial of its motion to dismiss Plaintiffs' breach of contract claims based on the educational malpractice doctrine. As with Defendant's motion to certify a question to the Oregon Supreme Court, the Court finds that Defendant's asserted question is not a pure question of law. *See* III.A., *supra*. Before answering whether the educational malpractice doctrine applies to Plaintiffs' breach of contract claims, the Court must determine whether Defendant's decision to provide online only classes and charge the same tuition involved "discretionary decision-making in rendering grades and degrees." *Gallagher*, 2019 WL 8333532, at *4. Defendant claims that because Plaintiffs seek damages based on the difference between the cost of in-person and online classes, they are challenging the quality of their education. But calculation of damages is a question of fact, not law, and Defendant cannot morph Plaintiffs' breach of contract claims into educational malpractice claims based on the damages Plaintiffs seek. Thus, Defendant's proposed question for interlocutory appeal implicates issues of disputed facts.

As to the second prong, a substantial ground for difference of opinion exists: (1) "where the circuits are in dispute on the question and the court of appeals has not spoken on the point"; (2) "if complicated questions arise under foreign law"; or (3) "if novel and difficult questions of first impression are presented." *Couch v. Telescope, Inc.*, 611 F.3d 629 (9th Cir. 2010). "That settled law may be applied differently does not establish a substantial ground for difference of opinion." *Id.* Oregon courts have established that the educational malpractice doctrine applies to

discretionary decisions related to the conferral of degrees and the quality of education. *See Tate v. N. Pac. Coll.,* 70 Or. 160, 167 (1914); *Gallagher,* 2019 WL 8333532, at *4. Defendant simply disagrees with the Court's determination that the educational malpractice doctrine does not apply to Plaintiffs' breach of contract claims here. Without more, Defendant's objection to the Court's holding on its motion to dismiss does not establish a substantial ground for difference of opinion. *See Couch,* 611 F.3d at 633 ("A party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference"). Accordingly, the Court declines Defendant's request to grant interlocutory appeal under 28 U.S.C. § 1292(b).

## CONCLUSION

The Court exercises its discretion to retain supplemental jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1367(a). The Court DENIES Defendant's Motion for Reconsideration [31] and DENIES Defendant's Motion to Certify a Question to the Oregon Supreme Court or Certify Interlocutory Appeal under 28 U.S.C. § 1292(b) [32].

IT IS SO ORDERED.

DATED: _____January 4, 2023_____.

_Marco Hernandez_
MARCO A. HERNÁNDEZ
United States District Judge