**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIELLE PRANGER; GARRETT HARRIS, individually and on behalf of all others similarly situated, | No.    23-35393 |
| | D.C. No. 3:21-cv-00656-HZ |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM[*] |
| OREGON STATE UNIVERSITY, a public body of the State of Oregon, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted June 3, 2024
Portland, Oregon

Before:  RAWLINSON, FORREST, and SUNG, Circuit Judges.

Danielle Pranger (Pranger) and Garrett Harris (Harris) appeal the district

court's grant of summary judgment in favor of Oregon State University (OSU) on

their breach of contract claim.  Pranger and Harris also contend that the district

court abused its discretion when it denied their request for additional discovery.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's judgment.

We review *de novo* the district court's grant of summary judgment in favor of OSU, *see Mattioda v. Nelson*, 98 F.4th 1164, 1178 (9th Cir. 2024), and we review the district court's denial of discovery for an abuse of discretion. *See Colchester v. Lazaro*, 16 F.4th 712, 725 (9th Cir. 2021).

The district court properly granted summary judgment in favor of OSU because, at a minimum, Pranger and Harris failed to raise a material factual dispute regarding modification of their contracts with OSU. "Establishing a contract modification, like establishing a contract, requires proof of three things:  an offer, acceptance of the offer, and an exchange of consideration. . . ." *Lyons v. Beeman*, 494 P.3d 358, 365 (Or. Ct. App. 2021) (citations omitted).[1]

It is undisputed that OSU students "who wished not to continue with a fully-remote education" were provided an option "to receive a full refund with no academic penalty."  However, Pranger and Harris "continuously registered and maintained enrollment for numerous subsequent terms throughout the pandemic" despite OSU's offer of a full refund.  As a result, there was not a material factual dispute that Pranger and Harris accepted the modified contract offered by OSU

---

[1] In this diversity action, we apply the law of the forum state, here Oregon. *See Or. Clinic, PC v. Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1068 (9th Cir. 2023).

when they continued their enrollments, received academic credit, and did not seek

a refund of their tuitions and fees. *See id.* (explaining that, for a contract

modification, "[a]ssent may be inferred from the conduct of the parties") (citation

omitted).

There was also not a material factual dispute regarding whether adequate

consideration supported the modified contract. "Consideration is some right,

interest, profit or benefit or some forbearance, detriment, loss or responsibility

given, suffered or undertaken by the other. . . ." *Moyer v. Columbia State Bank*,

505 P.3d 26, 35 (Or. Ct. App. 2021) (citations and internal quotation marks

omitted). Pranger and Harris received the benefit of an unconditional opportunity

for a full refund without penalty if they decided not to continue their enrollment.

Pranger and Harris also received the benefit of safely continuing their studies

during the COVID-19 pandemic. They suffered the detriment of giving up in-

person instruction.

OSU received the benefit of no longer being obligated to provide in-person

instruction. Although the district court assumed that the terms of the contract

between OSU and the plaintiffs "includ[ed] . . . full tuition payment each term,"

*Pranger v. Or. State Univ.*, 672 F. Supp. 3d 1088, 1095 (D. Or. 2023), any pre-

existing obligation to pay full tuition does not raise a material factual dispute

regarding whether OSU "sustained no detriment" as consideration for the modified

contract. *Collins v. Post*, 362 P.2d 325, 328 (Or. 1961) (citation omitted).  OSU

suffered the detriment of costs paid at the commencement of the academic term,

such as salaries, bond repayments, and maintenance of facilities, even if numerous

students opted out of their tuition obligations.  OSU also risked delayed tuition

payments and lower enrollment.  In sum, there was a modification of the contract

supported by consideration from each side.  *See Marnon v. Vaughan Motor Co.,*

*Inc.*, 194 P.2d 992, 1015 (Or. 1948) (en banc) (concluding that contractual

modification was supported by sufficient consideration when a party "subsequently

assumed" burdens).[2]

The district court did not abuse its discretion in denying Pranger's request

for additional discovery, because the discovery was not "essential to oppose

summary judgment."  *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d

653, 662 (9th Cir. 2020) (citation omitted).  Any discovery concerning an implied-

in-fact contract was irrelevant because the district court assumed that OSU entered

into a contract to provide in-person instruction.  *See Pranger*, 672 F. Supp. 3d at

1100.  Additionally, discovery concerning OSU's student transfer policies was

unnecessary because it is undisputed that Pranger and Harris declined OSU's offer

to receive a refund, continued to take virtual courses for several terms during the

---

[2]  Because summary judgment was warranted based on the modified contract, we
need not and do not discuss the defenses of substitution or impossibility.

pandemic, and received academic credit irrespective of the university's transfer policies.

**AFFIRMED.**